## CHURCHILL *a.* TRAPP.

*Supreme Court, Sixth District ; General Term, October,* 1856.

### DEMURRER.—JOINDER OF PARTIES.—EXECUTOR.

A defendant against whom a cause of action is stated in the complaint, cannot demur thereto, on the ground that another person is improperly made a defendant with him.

It is in cases where there are *too few* parties, not where there are *too many,* that the Code permits a defendant to demur to the complaint for defect of parties.

The executor of the *endorser* of a promissory note may be sued with the maker of such note, although the maker is solvent ; but separate judgments must be entered against the defendants in such action. (By Balcom, J.)

The executor of the endorser cannot demur to the complaint in such action for a misjoinder of defendants, if the complaint states facts sufficient to constitute a cause of action against him in his representative character.

Demurrer to complaint.

This action was brought by W. E. Churchill and others against William Trapp, and Myron H. Ferris executor of Charlotte Herrick. The action was upon a promissory note of which the following is a copy.

*" Elmira, April 26th,* 1854.

" $611,40. Nine months after date we promise to pay to the order of Charlotte Herrick, six hundred and eleven dollars and forty cents, at the Bank of Chemung, Elmira, N. Y., value received.

" WM. TRAPP & Co."

The complaint stated that the firm of " William Trapp & Co." consisted of William Trapp and Charlotte Herrick, and that the latter was the payee named in the note ;—that Charlotte Herrick endorsed the note and afterwards died, leaving a will, of which the defendant Ferris was the sole executor ; that the note not being paid when it became due was properly protested. The complaint showed a good cause of action against the defendant Trapp, as surviving maker of the note. It also stated a good cause of action against the defendant Ferris, as executor of the will of Charlotte Herrick, deceased, by reason of her liability as *endorser* of the note ; but there was no allegation in the complaint that the defendant Trapp, was insolvent. The plaintiffs then demanded judgment by the complaint " *against said defendant, Myron H. Ferris, as executor as aforesaid,* for six hundred and eleven dollars and forty cents, with seventy-five cents notary's fees, the expense of protesting said note," besides costs and interest.

The defendant Ferris alone demurred to the complaint, specifying the following grounds, among others.

That the complaint did not state facts sufficient to constitute a cause of action against defendant Ferris, either personally or as executor.

That it did not state facts entitling plaintiff to a judgment binding the estate of defendant's testator.

That it did not show the insolvency of William Trapp, the surviving partner.

That the defendant Ferris had been improperly joined as defendant.

At the September circuit, held in Chemung county in 1855, by Mr. Justice Shankland, the demurrer was overruled and the defendant Ferris had leave to answer the plaintiff's complaint within twenty days on payment of costs. From this decision the defendant Ferris now appealed to the general term of this court.

*Hart & Benn,* for appellant.

*Brooks & Tomlinson,* for respondents.

By THE COURT—BALCOM, JUSTICE.—As the note upon which

the action was brought is *joint* and not several, there would be no cause of action stated in the complaint against Ferris as executor of the will of Charlotte Herrick deceased, if his liability rested upon the fact that the testatrix was one of the *joint makers* of the note, because there is no allegation in the complaint that Trapp, the surviving maker, is insolvent. (4 *Barb.*, 530 ; 14 *Ib.*, 644 ; 16 *Ib.*, 289 ; 18 *Ib.*, 592 ; 20 *Ib.* 339 ; 2 *Denio*, 576 ; 4 *Seld.*, 371). But the liability of Ferris is placed upon the ground that Charlotte Herrick deceased was the *endorser* of the note and that her estate is primarily liable to pay such note. Had she lived, her liability *as endorser* of the note would have been several and not joint. (*Code*, § 120). The liability of her executor is the same. (2 *Rev. Stats.*, 113, § 2). It is very clear that the complaint states facts sufficient to constitute a cause of action against the defendant Trapp as surviving maker of the note, and against the defendant Ferris as executor of the *endorser* of such note.

Can the action be sustained against these defendants, in the different characters in which they are sued ? There seems to be sufficient authority to authorize the joinder of these defendants in the action, although they are charged in different capacities, for the reason that the original parties to the note were *severally* liable, to pay it ; the survivor as maker, and the deceased as endorser. (Yorks *v.* Peck, 14 *Barb.*, 644 ; Parker *v.* Jackson, 16 *Ib.*, 33 ; *Code*, § 120). Separate actions might have been brought upon the note, and separate judgments may be given against the defendants in this action ; nay, there must be separate judgments in the action, viz. :—one against Trapp personally, and another against the estate of Charlotte Herrick deceased ; but none against Ferris personally, unless the facts shall authorize the court to charge him personally with costs. (Parker *a.* Jackson, 16 *Barb.*, 33 ; 8 *How. Pr. R.*, 389 ; *Code*, § 136, § 274 ; Peabody *v.* Washington County Mutual Insurance Company, 20 *Barb.*, 339 ; 1 *Kern.*, 294).

There is no *defect* of parties defendants. (*Code*, § 144, *subd.* 4). Mr. Justice Mitchell in Voorhies *v.* Baxter, (1 *Abbotts' Pr. R.*, 43 ; *S. C.*, 18 *Barb.*, 593), says :—" The demurrer was properly overruled ; for the Code, while it allows a demurrer for *defect* of parties does not allow it for too many parties, and

The People *on rel.* Debenetti *a.* The Clerk of the New York Marine Court.

that was the meaning of the demurrer in that case," referring to Ricart *v.* Townsend, (6 *How. Pr. R.*, 460). Mr. Justice Strong in Peabody *a.* Washington County Mutual Insurance Company, (20 *Barb.*, 342), holds the following language: " Another ground on which the decision on the demurrer was right—the complaint presenting a cause of action in favor of one of the plaintiffs—is that a demurrer will not lie for a *misjoinder* of parties. The defect of parties for which a demurrer is allowed under section 144 of the Code, is a *deficiency* of and not too many parties." (See 8 *How. Pr. R.*, 389; 12 *Ib.*, 134).

That several causes of action have been improperly united in the complaint is not specified as a ground of demurrer; nor would such ground be tenable, according to the decisions before cited, had it been taken. The judge at the circuit was right in overruling the demurrer. His decision should therefore be affirmed with costs.

SHANKLAND, J., concurred.

MASON, J., dissented.

GRAY, J., took no part in the decision.

Order of the special term affirmed with costs.

---

THE PEOPLE on the relation of DEBENETTI *a.* THE CLERK of the NEW YORK MARINE COURT.

*Court of Appeals; October Term,* 1856.

MARINE COURT.—APPEAL.—MANDAMUS.

An appeal lies from the *general term* of the New York Marine Court to the New York Common Pleas.

An appeal from the decision of a *single justice* of the Marine Court, lies only to the *general term* of that court.

The objection to the jurisdiction of the Common Pleas over an appeal from a judgment entered upon direction of a single justice of the Marine Court, is not waived by appearing and arguing the appeal upon the merits without objecting.

A mandamus is the proper remedy to compel the clerk of an inferior court to issue execution upon its judgment.

Appeal from a decision of the general term of the Supreme