### CLAPP and another vs. PRESTON and others.

|    |     |
|----|-----|
| 15 | 543 |
| 102 | 541 |

A demurrer to a complaint against four of six makers of a joint and several note, on the ground that the other two makers were not made defendants, is not frivolous.

Whether, under our statute, an action lies against two or more of the makers of a joint and several note, without joining the others, is not here decided.

Section 28, chap. 132, R. S., which empowers the circuit judge at chambers to render judgment upon a frivolous demurrer, is a valid enactment.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action on a joint and several note made by the four defendants and *two other persons*. Demurrer to the complaint on the ground, among other things, that the other two makers of the note were not made defendants. Application, upon notice, was made to the circuit judge at his chambers in Madison, for judgment, on the ground that

June Term,
1862.
_____

CLAPP et al.
v.
PRESTON et al.

the demurrer was frivolous; and the judge held it to be frivolous, and made an order for judgment in favor of the plaintiffs for the amount of the note. The defendants excepted to the order. Without further proceedings or notice, judgment was entered accordingly by the clerk of the Jefferson circuit court.

*J. E. Holmes*, for appellants, contended that the proceedings of a judge under sec. 28, chap. 132, R. S., are judicial, and the determination, a judgment. *Roe vs. Washington Mut. Ins. Co.*, 1 Code R. (N. S.), 185; *Bentley vs. Jones*, 3 Code R., 37; *King vs. Stafford*, 5 How. Pr. R. 30; *Roberts vs. Morrison*, 7 id., 396. Under section 2, Art. 211 of our constitution, which vests the judicial power in courts and justices of the peace, a judge at chambers cannot be empowered to render such a judgment. To the point that the demurrer on the ground of defect of parties was not frivolous, counsel cited *Platner vs. Johnson*, 3 Hill, 476, and *Miller vs. McCagg*, 4 id., 35, where the question raised by the demurrer is discussed. He contended also that sec. 28, chap. 132, only authorized the judge to give judgment as to the demurrer and not to determine the right of the parties by ordering judgment for a specific sum.

*L. B. Caswell*, for respondent, to the point that the statute authorizing the judge at chambers to order, judgment for a frivolous demurrer, is not unconstitutional, cited the opinions in *Wells vs. Morton*, 10 Wis., 468; *Tallman vs. Truesdell*, 3 id., 443.

October 11.      *By the Court*, COLE, J. Within the repeated decisions of this court, it is very clear that the demurrer in this case was not frivolous. The court could hardly say, on a bare inspection of the demurrer, without any argument or examination of authorities, that it was bad. Indeed, under the old practice, the demurrer would have to be sustained. For the rule was, that where the contract was joint and several the plaintiff must sue all jointly or separately, and could not treat the contract as joint in respect to two or more of the parties. 1 Saunders' R., 291; *Streatfield et al. vs. Halliday*, 3 T. R., 782; *Platner vs. Johnson*, 3 Hill, 476; *Miller vs. Mc-*

*Cagg*, 4 id., 35; *Butler vs. Rawson*, 1 Denio, 105. Section 21, chap 122, R. S., has probably changed this rule, in providing that when persons are severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes, they may *all or any of them* be included in the same action, at the option of the plaintiff. But Justice HEAD, in *Morehouse vs. Ballou*, 16 Barb. (S. C.), 289, seems to express a doubt whether, even under such a provision of law, two out of three joint and several makers of a promissory note could be made jointly liable, if the objection for that cause was duly taken; for he says such is not the contract of the parties. But it is not necessary to determine whether this is a correct construction of the statute, since the merits of the demurrer are not now to be passed upon. It is sufficient to say that judgment should not have been rendered against the appellants on account of the frivolousness of the demurrer.

It is not necessary to consider at any length whether the circuit judge could out of court give judgment on the demurrer, according to sec. 28, chap. 132. The counsel for the appellants contends that this section is unconstitutional, for attempting to delegate to a circuit judge at chambers judicial powers, which, under our constitution, can only be exercised by courts. It might not be improper to say in reply to the argument of the counsel upon this point, that our opinions are adverse to his, and that we have in effect decided the other way in many cases which have come before us. But for the reason already given, the judgment in this case must be reversed, and the cause remanded for further proceedings according to law.