## Cobb vs. Harrison, impleaded &c.

*Demurrer not frivolous—Practice on striking out demurrer as frivolous—Reversal of judgment.*

1. The decision in *Page v. Harrison* (*ante* p. 223), followed.
2. A demurrer to the jurisdiction raising the question there decided, was not *frivolous.*
3. On striking out as frivolous a demurrer to to the complaint, the court should permit defendant to answer on terms, on his producing an answer showing a good defense, with an affidavit of merits and that the demurrer was filed in good faith.
4. Where a demurrer is erroneously stricken out as *frivolous,* and the demurrant does not ask leave to plead further &c., a judgment against him will not be reversed if the demurrer is bad.

APPEAL from the County Court of *Milwaukee* County.

Foreclosure of a mortgage. The amount claimed to be due was $500, with interest from July 1st, 1860. The complaint did not state the value of the property. There was a demurrer to it on the ground, among others, that the court had no jurisdiction of the subject of the action; and this was the only ground relied upon here. The county court ordered a judg-

ment for the plaintiff, on the ground that the demurrer was frivolous ; and the defendant *Harrison* (the mortgagor) appealed from the judgment.

*Jas. G. Jenkins*, for appellant.

*Butler v. Cottrill*, for respondent.

The following opinion was filed at the January Term, 1866.

COLE, J.     The demurrer in this case was clearly not frivolous, within the repeated decisions of this court.    If, therefore, the appeal were from the order striking out the demurrer as a frivolous pleading, that order would probably have been reversed.    But the appeal is from the judgment of foreclosure ; and the question is, can we go back and review that order?    If so, it must be under section 6, chap. 264, Laws of 1860.    That section provides that upon an appeal from a judgment this court may review an intermediate order involving the merits and necessarily affecting the judgment.    It is obvious that if we can consider the order striking out the demurrer as frivolous at all, it must be by virtue of this provision of the appeal statute.    Is, then, the order striking out the demurrer as frivolous, one involving the merits and necessarily affecting the judgment?    The answer to this question, it appears to us, depends essentially upon the further inquiry, whether the demurrer was well taken or not.    For if the demurrer was clearly bad, and must have been so held on argument, then we are unable to perceive upon what ground an order striking it out as frivolous can be said to be one involving the merits. It is true, on overruling the demurrer on the hearing, the defendant has, almost as a matter of course, leave to answer. But we suppose the court, on striking out a demurrer as frivolous, would, at least on application, permit the defendant to answer on terms, upon his producing an answer showing a good defense to the action, and making the usual affidavit of merits and that the demurrer was filed in good faith.    The defendant, therefore, is not deprived of his right to make a de-

fense to the action, if he has such defense, by the practice adopted. And all the defendant has lost—the demurrer being bad, as we have in effect held in the case of Page against this same defendant, just decided [*ante, p.* 323],—was the right of having the demurrer set down for argument instead of being disposed of in this summary manner. For while there was enough in the demurrer to relieve it from the character of being a frivolous pleading, it must certainly have been overruled on the hearing. So, though the course pursued in disposing of the demurrer is not the one which should have been adopted, still it seems to us impossible to hold, under the circumstances, that the order striking out the demurrer as frivolous is one in any sense involving the merits of the action, or necessarily affecting the judgment. It only relates to the form or ceremony of the proceeding, and could have no possible effect upon the rights of the parties. See *Rahn vs. Gunnison*, 12 Wis., 528; *Oatman vs. Bond*, 15 id., 20. Hence we think it is not before us on this appeal.

*By the Court.*—The judgment of the county court is affirmed.

A motion for a rehearing was disposed of at the June term, 1866, as follows :

COLE, J. On the motion made herein, a number of considerations are forcibly pressed upon our attention to induce us to grant a rehearing of the cause.

In the first place, it is said that the point decided was not raised on the argument, and consequently was not discussed by counsel, and that there is an obvious impropriety in the court deciding the cause upon a point not raised by either party. It is true, the question whether, on an appeal from a judgment, the court could properly review a prior order striking out a demurrer as frivolous, was not raised by counsel on the argument, but was suggested by members of the court in the consultation room ; yet the objection was so de-

cisive, and, after a careful examination of the appeal statute, we were all so clear upon the point that we could not review the order, that we did not feel at liberty to disregard the objection.

And we cannot see how the rights of parties can be seriously prejudiced, even if the court happens to decide a cause upon a point not discussed by counsel, when, by the practice of permitting motions for a rehearing, ample opportunity is afforded counsel to set the court right if it falls into an error. This is all we deem it necessary to say in answer to the criticism that counsel have thought proper to make upon this practice.

Again, it is said that it has been the uniform practice, since the adoption of the code, for this court, on appeal from judgments, to review such orders and reverse the judgments, even when the demurrer was not well taken but had been stricken out as frivolous, and this court thought it was not a frivolous pleading. It is fully admitted that a few cases of this kind can be found in our reports; but the question whether the court could properly review the order on appeal from the judgment was not made or suggested by court or counsel, and of course was never decided. We fail, therefore, to see that the court will be guilty of any gross inconsistency if it now holds that it cannot review the order on an appeal from the judgment. For whatever may have been the practice of reviewing such orders heretofore, we did not feel, under the circumstances, precluded by any decisions from adopting that construction of the appeal statute which seemed to us most sound and rational.

And we are well satisfied with the construction we have placed upon section 6, chap. 264, as founded upon reason and principle, nothwithstanding the vigorous manner in which that construction has been assailed. Our exposition of the statute may be somewhat in conflict with some decisions in New York as to the proper meaning of the word "*merits;*" but in *Rahn vs. Gunnison* and *Oatman vs. Bond, supra,* it is clearly intimat-

Cobb vs. Harrison, impleaded &c.

ed that we think the language, "*involving the merits*" and "necessarily affecting the judgment," must have a more limited signification than. some judges in that state are disposed to attach to it.

But upon the precise point ruled in this case, as we understand the decisions in New York, the decided weight of authority sustains our decision. In Voorhies' Code, 8th ed. p. 453, note " h," it is said that on appeal from an order rendering judgment on a demurrer as frivolous, the order will not be reversed unless the court are of opinion that the demurrer would be sustained on argument. The cases of *Manning vs. Tyler*, 21 New York, 567 ; *The East River Bank vs. Rogers*, 7 Bosw., 494 ; *Wesley vs. Bennett*, 5 Abb., 498 ; *Whetherheud vs. Allen*, 28 Barb., 662 ; *Martin vs. Kanouse*, 2 Abb., 327, fully sustain the text of the author.

The case of *Manning vs. Tyler* is a very strong one on the point we are considering. That was an appeal from a judgment rendered on account of the frivolousness of the answer, which set up the defense of usury to the action. The majority of the court held that the answer did not state with sufficient clearness and precision the alleged usurious agreement, and affirmed the judgment. Judge Denio and another member of the court dissented, on the ground that the answer stated a good defense in substance, and.if there was a want of particularity in setting forth the usurious contract, the plaintiff's remedy was by motion to make the pleading more definite. As a matter of course the answer could hardly have been said to be frivolous, when two able judges held it good in substance. Yet, as already remarked, the judgment was affirmed. A stronger case in support of our decision above made can hardly be imagined.

*By the Court.*—The motion for a rehearing is denied.