DECKER vs. TRILLING and another.

*Reversal of judgment: certain errors not fatal.— Defendants jointly and severally liable: judgment against a part of them.*

1. Judgment as for a frivolous demurrer to the complaint will not be reversed, when the demurrer, though not frivolous, was *bad.*

2. Under sec. 21, ch. 122, R. S., persons jointly and severally liable upon the same obligation may all, or any of them, be joined as defendants to an action thereon.

3. Where all such persons are named in the summons and complaint, but, on failure to serve process on some of them, the action has been discontinued as to them, judgment may go against the remainder. And if the facts showing a several liability are set forth, it is not sufficient ground of demurrer that the action is in form for a joint liability.

4. DIXON, C. J., is of opinion that where a part only of the persons so liable are made defendants, there should strictly be *several* judgments against them, and not a single judgment against them jointly.

5. But where such joint judgment has been entered, the error cannot injure the defendants, and must be disregarded on appeal, under sec. 40, ch. 125, R. S.

APPEAL from the Circuit Court for Winnebago County.

Action upon a joint and several promissory note executed December 17, 1867, by *Henry Trilling*, William F. Baur, Rudolph Baur, Louisa Baur, *Frederick Loescher*, and Maria Loescher, all of whom were named as defendants. The note is set out *in hæc verba*, and after allegations of ownership, demand, non-payment, etc., it is alleged "that there is now due and owing plaintiff from said defendants on said note the sum of," etc.; and judg-

ment is demanded "against said defendants" for the amount specified. Summons and complaint were served only upon *Trilling* and *Frederick Loescher*; and they demurred to the complaint that there was a defect of parties defendant, and that no cause of action was stated. Plaintiff moved for judgment as upon a frivolous demurrer; and, when the motion came on to be heard, said defendants read affidavits of *Frederick Loescher* and Maria Loescher. The former merely stated that William F. Baur and Louisa Baur had been residing for five years, and still resided, in said county, and neither of them had been served with a summons in the action. The affidavit of Maria Loescher stated that she had never been served with a summons, nor appeared in the action; that she had resided for five years, and still resided, in said county; and the summons might have been served upon her at any time; that she owned and possessed real and personal property in said county of the value of $5,000; that a large part of said real property she owned "jointly with some of the defendants in this cause;" that she had fully and fairly stated the case in this action to Chas. A. Weisbrod, Esq., her counsel, who resides, etc.; and that she had a good and substantial defense upon the merits thereof, as she was advised by her said counsel, etc.; and that she asked the court to direct plaintiff to bring her into court, etc., etc. The plaintiff read an affidavit stating that William F. Baur, Rudolph Baur, Louisa Baur and Maria Loescher had not been served with process, nor made any appearance in the action; and he thereupon procured an order of discontinuance to be entered as to those persons. The court then granted the motion for a judgment against *Trilling* and *Frederick Loescher* for the frivolousness of their demurrer; and from this order, and the judgment entered thereon, defendants appealed.

*Felker & Weisbrod*, for appellants, contended that the object of sec. 11, ch. 124, R. S. (which is copied from

the statutes of New York), is merely to enable the plaintiff, in an action on a joint contract, to proceed to judgment against those parties who *can* be served with process, before proceeding to outlawry against absent defendants, as the common law required. 1 Tidd's Pr. 125, and notes; 1 Dunlap's Pr. 140; *Robertson v. Smith*, 18 Johns. 481. The wrongs which would result from any other construction of the statute are illustrated by the affidavit of Maria Loescher in this case. 2. To the point that the demurrer was not frivolous, counsel also cited *Clapp v. Preston*, 15 Wis. 543. 3. The judgment, following the complaint, is on the *joint* contract; and it should be against *all* the makers of the note. *Bacon v. Bicknell*, 17 Wis. 523.

*Myron A. Decker*, respondent, in person, with *Geo. B. Goodwin*, of counsel, *contra*.

DIXON, C. J. The question in this case is the same as that in *Clapp v. Preston* (15 Wis. 543), where the judgment was reversed; and the same rule, now applied, would result in a reversal of the judgment here appealed from. But the decision in that case has been overruled, so far as it relates to a judgment on a demurrer, for frivolousness, where the demurrer, though not frivolous, was not well taken. See *Cobb v. Harrison*, 20 Wis. 625. If the demurrer was bad, the judgment will not be reversed in this court, although the court below may have erred in holding it frivolous and entering judgment upon it. The question, therefore, here is, whether the demurrer was good or not. And we are clearly of opinion that it was not. Section 21 of chapter 122, R. S., provides that persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff. The language of this statute is very clear and positive, and no doubt can exist as to

its meaning.   As observed by this court, in *Clapp v. Preston*, above, it has changed the rule of the common law with respect to such actions.   No demurrer can now be sustained for the non-joinder or misjoinder of parties defendant, when part only of the persons severally liable are included in the action, and the rest omitted, and that fact appears on the face of the complaint.   This has been so held, under the same provision of statute, in New York and California. *Brainard v. Jones and Provost*, 11 How. Pr. 569 ; *People v. Love and others*, 25 Cal. 520, 526.   If the plaintiff had, therefore, commenced his action against the defendants *Trilling* and *Loescher* alone, no such objection could have been sustained ; and the discontinuance of the action against the other parties, nominally joined but not served with process, had the same effect.   The case then stood as if *Trilling* and *Loescher* had been the only defendants named in the summons and complaint ; and the demurrer was bad.

But it is said that the demurrer was good upon the other ground specified in it — that the complaint did not state facts sufficient to constitute a cause of action.   The point of this objection is, that the defendants were complained against as upon a joint liability, whereas, in the form which the action had taken by the discontinuance, they were liable only severally.   This objection is very nice and technical, and we do not think it can be sustained.   The complaint sufficiently stated the facts out of which the liability of the defendants arose ; and, although it was in a form adapted to a recovery against all the makers of the note jointly, it was still so framed that a several judgment could properly be had upon it against one or more of them.   It alleged that the defendants made their joint and several promissory note in writing, which note was set out in *hæc verba*, and attended with suitable averments to show that the plaintiff was entitled to judgment.   This was sufficient ; and the

demurrer on this ground ought not to have been sustained.

Another objection is to the form of the judgment. The judgment is a joint one against both the defendants, instead of being several against each. It is urged that this is erroneous ; that the joint liability being only on the part of all the makers of the note when sued collectively, and not on the part of these defendants when sued separately from the other makers, separate judgments should have been given against them according to their several liability in the action. In other words, it is contended that the option given the plaintiff to include in the action all or any of the persons thus severally liable is to enable him to accomplish in one action what, by the former practice, required several actions, that is, to enforce in the action the several liability of each defendant in the same manner as if a separate suit had been brought against him. I must confess that this objection has given me considerable trouble, and, but for its being obviated by a statute to which I shall presently refer, would seem to me to be fatal to the judgment. The form of the judgment is not directed by the statute authorizing persons thus severally liable to be included in the action. Neither is it directed by any other statute bearing upon the subject. Subdivision 2 of section 11 of chapter 124 of the Revised Statutes has no relation to the question, because, as held by the court of appeals in *Pruyn v. Black* (21 N. Y. 300), the words there used, "defendants severally liable," mean defendants liable separately from the defendants not served, though jointly as respects each other. And the provisions of section 26 of chapter 132, R. S., do not affect it, for the reason that the judgment there authorized against one or more of several defendants is only when a several judgment may be proper. It seems to be left, therefore, for the courts to determine, according to the general principles of the law governing the subject, what the form of

judgment shall be; and, acting on those principles, it seems very clear to me that the judgment should follow the nature of the claim established; and if that is separate and several as against each defendant, then the judgment should be so. And this seems to be the understanding of the courts of New York, so far as I find any discussion of the question. *Parker v. Jackson*, 16 Barb. 33; *Churchill v. Trapp*, 3 Abb. Pr. 306.

But, however irregular the judgment may be in this respect, it will not, for that reason, be reversed. Section 40 of chapter 125, R. S., provides that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. This statute cures a multitude of errors, as the numerous cases in which it has been acted upon by this court will show. It is a beneficent statute, designed to reach to just such a case as this. It is a matter of no consequence to a party separately liable to a judgment, that some other person is included with him in the same judgment. It does not injure him in the least, but must be regarded as beneficial, rather than otherwise; and the judgment must be affirmed.

*By the Court.* — Judgment affirmed.