## WEISHAUPT vs. WEISHAUPT.—Two Appeals

DIVORCE—ALIMONY—PRACTICE: *Temporary alimony; application therefor before service of complaint.—Ground of divorce.—Frivolous demurrer.—Costs, etc., on appeal.*

1. The papers used on a motion for suit money in a divorce case, should show that a suit has actually been commenced, and that a meritorious cause for a divorce exists.
2. It is unimportant whether these facts appear by petition, or by affidavit' and complaint.
3. Where the motion for suit money was not *heard* until *after* service of the complaint, it is no objection to the order· that the motion and an affidavit in support of it were *made before* such service.
4. The affidavit and complaint in this case state that defendant is an able-bodied man, and has at least twelve hundred dollars in ready money or available securities; that since plaintiff's arrival in this country (more than a year) he has not furnished her or. their child any provisions or clothing, and has given her in money only thirty dollars, besides paying the same amount for freight and charges on her goods from Germany; that she was sick for three weeks, and compelled to

Weishaupt vs. Weishaupt.—Two appeals.

employ a physician, whom defendant refused to pay; and that he also refused to furnish the help and assistance she needed. *Held,*

(1.) That these averments show a good ground for a divorce, under the statute; though a demurrer to the complaint for insufficiency was not frivolous.

(2.) That this court, while it reverses the order adjudging the demurrer frivolous, will require defendant to pay the costs on appeal from that order; his rights having been sufficiently protected by a provision in the order giving him leave to answer within twenty days.

(3.) That it was not error for the circuit court to require defendant to pay plaintiff's attorney fifty dollars to aid the prosecution of the suit.

(4.) That defendant should also be required to pay an attorney's fee of twenty-five dollars in this court.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by the wife for a divorce from the bonds of matrimony, commenced in May, 1870. The material allegations of the complaint appear in the opinion. Before the complaint was filed or served, the plaintiff filed an affidavit, stating substantially the same facts which are alleged in the complaint, and also stating that the action had been commenced by service of the summons. Upon this affidavit she moved for an order upon defendant to show cause why he should not be required to pay temporary alimony and her attorney's fees. Defendant filed a counter-affidavit. The motion for temporary alimony was not heard until after the service of the complaint. The court made an order requiring defendant to pay plaintiff's attorneys fifty dollars for the purpose of prosecuting the action; and from this order defendant appealed.

He also appealed from an order adjudging his demurrer to the complaint as not stating facts sufficient to constitute a cause of action, frivolous, and requiring him to answer within twenty days.

*A. C. Fraser,* for the appellant, insisted that the application for suit money should have been by petition and not by motion, and should not have been made until after service of the complaint; that the affidavit on which the motion was founded was insufficient; that the mere pendency of an action for divorce

was not sufficient to authorize the granting of such motion (*Berthrong v. Berthrong*, 1 Code R. 115; *Reese v. Reese*, 2 id. 81; *Rose v. Rose*, 11 Paige, 166; *Johnson v. Johnson*, 4 Wis. 135; *Worden v. Worden*, 3 Edw. 388; *Wood v. Wood*, 2 Paige, 454; *Hollerman v. Hollerman*, 1 Barb. (S. C.) 64; *Krause v. Krause*, 23 Wis. 354); and that the demurrer was improperly adjudged frivolous. *Farmers' and Millers' Bank v. Sawyer*, 7 Wis. 379; *Van Slyke v. Carpenter*, id. 179, 181; *Walton v. Goodnow*, 13 id. 661; *McConihe v. McClurg*, id. 454; *Grubb v. Remington*, 7 id. 349; *Eaton v. Gillett*, 17 id. 435; *Washburn v. Washburn*, 9 Cal. 475.

*Mann & Cotzhausen*, for the respondents, contended that the complaint showed a good ground for a divorce (R. S. ch. 111, sec. 10, subd. 3, and sec. 11; *Keeler v. Keeler*, 24 Wis. 522); that suit money was properly allowed (R. S. ch. 111, sec. 16); that the demurrer was clearly frivolous, and if otherwise, still it was bad, and this court would not reverse the order of the circuit court requiring defendant to answer. *Decker v. Trilling*, 24 Wis. 612.

### OPINION ON FIRST APPEAL.

COLE, J. According to the rule established by this court as to what should be deemed a frivolous pleading, the demurrer in this case clearly was not of that character. Whether the demurrer would have been held *bad* on argument, is a question not now before us. This is an appeal from the *order* adjudging the demurrer frivolous; and the only question, therefore, is, whether the demurrer can be considered frivolous, and not whether it was well taken. When the appeal is from a *judgment* on a demurrer for frivolousness, then this court has held that if the demurrer was bad the judgment would not be reversed, although it might think the court below erred in holding the demurrer frivolous. The reasons for this ruling are given in *Cobb v. Harrison*, 20 Wis. 625, and *Decker v. Trilling*, 24 id. 610.

But when the appeal is from the order, then a different rule obtains. We only then investigate the case far enough to determine whether the demurrer is frivolous.

The circuit court ordered and adjudged that the demurrer was frivolous, and that the plaintiff have judgment as prayed in the complaint, unless the defendant answered within twenty days and paid ten dollars costs of the motion. It would seem as if this leave to answer amply protected the rights of the defendant, and that really nothing was gained by the appeal except additional costs and expense. But as we have the power in divorce suits to require the husband to pay the expense of litigation, we have concluded to require that the defendant pay the proper costs of this court, even while we reverse the order. This will not include any attorney's fee, but merely the fees of the clerk and necessary disbursements.

*By the Court.*—The order of the circuit court is reversed and the cause remanded for further proceedings.

### OPINION ON SECOND APPEAL.

COLE, J. This is an appeal from an order requiring the defendant to pay to the attorneys of the plaintiff the sum of fifty dollars for the purpose of prosecuting the action. The principal ground for a divorce from the bonds of matrimony is, that the defendant, being of sufficient ability, refuses and neglects to provide for the support and maintenance of his wife and child. The application for suit money was made upon the affidavit of the plaintiff before service of the complaint. The record shows, however, that the complaint was served before the hearing of the application.

It is objected that the application should have been on petition, and not by motion. We fail to perceive much force in this objection. Of course the moving papers should show that an action for a divorce has been actually commenced, and that a meritorious cause

for dissolving the marriage exists. But whether this appears by petition or by affidavits seems to us quite unimportant. The affidavit and complaint in the present case we think do show that, although the defendant has sufficient ability, yet he wholly refuses and neglects to provide for the plaintiff and her child. She states that he has not furnished either herself or child any provisions or clothing during all the time she has been in Milwaukee, and that all the money he has ever given her since he came to this country was $30, and that he paid the freight and charges on her goods from Germany, amounting to the sum of $30 more. She has been compelled to support herself and child by her own exertions and labor; and in August, 1869, was sick for three weeks, and was compelled to employ a physician, whom he refused to pay; and also refused and neglected to furnish her the necessary help and assistance which she required and needed. The defendant is an able-bodied man, and has fully twelve hundred dollars in ready money or available securities He is able to support his wife and child, yet makes no provision for them, and even neglects in sickness to provide medical aid for his wife, but leaves her destitute of the necessary help and assistance. It seems to us that these statements, if true, show that the defendant wholly neglects to provide for his wife and child, while having the means to support them; and lay the foundation for a divorce from the bonds of matrimony. In other words, a meritorious cause of action appears, within the doctrine of the adjudged cases; and the court properly exercised its discretion by requiring the defendant to pay such a sum as will enable the plaintiff to employ counsel to conduct the suit. The amount directed to be paid is reasonable.

There is a motion for suit money also in this court on this appeal. This motion is granted, and twenty-five dollars suit money is allowed.

*By the Court.*—The order appealed from is affirmed.