## IRWINE ET AL. V. WOOD ET AL.

1. A demurrer for misjoinder of parties must, under the code, state specifically in what the misjoinder consists.
2. Upon a contract expressing a several liability of the defendants, they may, under the code, be joined in an action thereon. This construction is in accord with the reform spirit and express purpose of the code practice.
3. A separate judgment may be proper, and may, in some cases, be necessary, whenever a several suit might have been brought.

*Appeal from District Court of Gunnison County.*

THE case is stated in the opinion.

Messrs. THOMAS, McDOUGAL and THOMAS, for appellants.

Messrs. BELFORD and REED, for appellees.

STONE, J.    The point relied upon by appellants for reversal of the judgment is, that the court erred in sustaining the demurrer to the complaint, on the ground of misjoinder of the defendants.

The suit was upon a written contract, one clause of which was as follows: "That the said Burchinell, Wood and Clark, parties of the first part (each for himself and

not for the others, and in so far as his interest may appear in said claims), agree to furnish provisions to said Irwine and Jerome, the parties of the second part to this contract," etc.

The complaint was demurred to on the ground (among others) of a misjoinder of parties defendant, and the demurrer was sustained by the court upon that ground expressly. We think this was error. Section 56 of the code (Revision of 1883) provides that a demurrer may be disregarded which does not distinctly specify the grounds upon which any of the objections to the complaint are taken.

I. In this case the demurrer should have specified in what the misjoinder consisted; which of the parties defendant were misjoined, and why; since it was on the ground alone that a joint action would not lie, it must be admitted, nevertheless, that under the code practice the action was good against some one of the defendants; at least, if the complaint set out a good cause of action against any one of the defendants, a joint demurrer by all on the ground of misjoinder was bad. Pomeroy, Rem. secs. 289, 290, 291.

II. The ground in support of the demurrer presented in argument, and upon which the court below appears to have sustained it, is that the contract, which was the foundation of the action, expressed a several liability of the defendants, and that therefore they could not be joined in the same action.

The only authorities cited in support of the ruling of the court upon this point are those under the practice at common law. This rule of practice has been swept away by the Codes of Civil Procedure in most of the states where the code practice prevails. Section 13 of our own code (Revision of 1883) declares that " Persons jointly *or severally* liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments,

may all, or any of them, be included in the same action at the option of the plaintiff."

The case of *Wilde & Co. v. Haycraft et al.* 2 Duvall (Ky.), 309, where the contract was a guaranty, in which the defendants each expressly bound himself in a separate liability for a specific amount less than the aggregate sum of the guaranty, is in point. The defendants were all joined in one action upon the contract, and the petition was dismissed in the court below upon a demurrer specifying, among other causes, that a joint suit could not be maintained. The supreme court reversed the judgment, and in passing upon this point, under a provision of the Civil Code of that state (Kentucky), substantially the same as the one quoted from our own, say:

"In this case there is but one contract, and it is the same contract, between the same parties, but several as to its obligations; and neither the language nor the presumed object of the quoted section of the code can be constructively restricted to a several contract binding each separate obligor for the whole amount of their aggregate liabilities. The letter of the section certainly authorizes no such restriction, and the policy of avoiding a vexatious multiplicity of actions for a breach of the same contract would apply equally to every contract made at one and the same time by the same parties, severally liable upon it. The joint action as chosen is, therefore, in our opinion, a proper legal remedy."

That the same construction is given to similar provisions of the Codes of Procedure of other states, see the following cases: *Decker v. Trilling et al.* 24 Wis. 610; *The State ex rel. etc. v. Roberts*, 40 Ind. 452; *The People v. Lone et al.* 25 Cal. 520; *Parker v. Jackson*, 16 Barb. 33; Pomeroy's Remedies, sec. 292.

This construction of the provision in question is undoubtedly in accord with the reform spirit and express purpose of the code practice in seeking to avoid the multiplicity of suits under the former practice, wherever the

respective rights and liabilities of parties arising out of the same contract might as justly, conveniently, and with less expense, be determined in one. action as in two or more.

In the case at bar, the liabilities of each and all of the parties joined as defendants arise out of the same contract embodied in the one instrument of writing as averred by the complaint, and the latter, therefore, was not obnoxious to the demurrer on the ground of misjoinder of parties.

III. As the case will be remanded for trial, it is not out of place to observe that if the trial should eventuate in a judgment against the defendants, a separate judgment against each found liable would be proper, inasmuch as the liability of each is ·expressed in the contract to be not only several but differing in extent, proportionate to the respective and different interest of each in the property specified. Civil Code, secs. 199, 200 (Rev. 1883).

A several judgment is proper, it seems, and may in some cases be necessary, whenever a several suit might have been brought. *Parker v. Jackson,* 16 Barb. 33; *Decker v. Trilling,* 24 Wis. 610; *People v. Edwards,* 9 Cal. 286.

The judgment is reversed and the cause remanded.

*Reversed.*