[No. 4489.]

## STEPHENS ET AL. V. PARVIN.

**1. Appellate Practice—Referees—Findings.**

Findings of fact by a referee are entitled to the same weight as the findings of courts or verdicts of juries and will not be disturbed by the appellate court where such findings are based partly upon oral testimony and there is sufficient evidence to support the findings.

**2. Pleading—Practice—Demurrer.**

A demurrer to a complaint on the grounds of another action pending, defect of parties, misjoinder of causes of action and that the complaint is ambiguous, unintelligible and uncertain is insufficient and will be disregarded unless it specifically point out the particulars wherein the complaint is defective.

**3. Pleading—Fraudulent Conveyances—Judgment Liens.**

A complaint in an action by a judgment creditor to subject real estate standing in the name of another party than the judgment debtor to the payment of his judgment, which shows that a transcript of the judgment had been filed and a lien acquired on all the real estate of the judgment debtor and alleges that the real estate in question was purchased with the money of the judgment debtor, and the conveyance made by agreement with the holder of the property for the purpose of hindering, delaying and embarrassing plaintiff in the collection of his debt, is sufficient to sustain the action without alleging the insolvency of the judgment debtor and that execution had been issued and returned nulla bona.

**4. Same.**

In an action by a judgment debtor to subject real estate standing in another name to the payment of his debt where the complaint showed a small credit on the judgment, an answer which showed that in a supplementary proceeding an order was made requiring certain mining stock to be turned over to the sheriff, to be by him sold and applied on the judgment, and which makes no further allegation as to whether such stock was delivered to the sheriff and not sold, was immaterial and was properly stricken out.

*Appeal from the District Court of Arapahoe County.*

Mr. SAM B. BERRY and Messrs. TELLER & DORSEY, for appellants.

Mr. GEO. C. MANLEY and Mr. C. F. CLAY, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

In the year 1885 E. B. Parvin recovered judgment against Henry J. Stephens and Isaac N. Large in the sum of two thousand dollars. Execution was issued, and returned satisfied as to the sum of three dollars and seventy-five cents. Transcripts of the judgment were filed with the county clerks of Arapahoe and Boulder counties. The judgment was subsequently assigned to Margaret T. Parvin, who, in the year 1900, brought her action in the district court of Arapahoe county to subject property standing in the name of Alice S. Stephens and certain corporations to the payment of the judgment. The defendants' demurrer to the amended complaint was overruled and motion of the plaintiff to strike portions of the defendants' answer was granted. The cause was then referred to A. J. Rising, referee, to report the testimony and his finding of law and fact. The referee found in favor of plaintiff, and the defendants' motion to set the report aside was overruled, and decree was entered in accordance with the findings. The case is brought here by appeal, the defendants alleging error, which we shall consider in the course of the opinion. We shall not consider those assignments of error relating to the findings of the referee, because we are of opinion that we should not disturb such findings. There was oral testimony and documentary evidence upon which the findings could be based; and the rule is well settled that the finding of the referee is entitled to the same weight as that of a judge or jury, and that upon appeal the finding will not be disturbed if it is supported by competent evidence.

The demurrer to the amended complaint alleges: First, ''That there is another action pending between the plaintiff herein and the defendants for the same cause, as will appear from the records of this honorable court''; Second, ''The complaint shows upon its face that there is a defect of parties defendant''; Third, ''That several causes of action have been improperly united in said complaint''; Fourth, ''The amended complaint does not state facts sufficient to constitute a cause of action''; Fifth, ''The amended complaint is ambiguous, unintelligible and uncertain.'' The demurrer, except as to the fourth ground, is itself insufficient and should be disregarded.— *Irwine v. Wood,* 7 Colo. 477; *Henderson v. Johns,* 13 Colo. 280.

The fourth ground of demurrer was properly overruled. The complaint, we think, does state a cause of action. It is urged that the proceedings provided for in Chapter 20 of the Code are ample to afford the plaintiff relief, and that as the remedy at law is adequate, equity can have no jurisdiction. And further, that unless the complaint shows that plaintiff has exhausted his legal remedies, the action is not well stated. In the case *Emery v. Yount,* 7 Colo. 107, it is held that a court of equity will not interfere to set aside a conveyance on the ground of fraud, at the suit of a general creditor, where the debtor has other property subject to execution, and in such case a bill which fails by proper averment to allege insolvency, or facts sufficient to indicate that the judgment cannot be collected without equitable aid, is fatally defective, and the defect is not cured by evidence of insolvency. Other authorities have held that before a creditor's bill can be filed, an execution must be returned *nulla bona.* The fact that the writ has been returned unsatisfied is not sufficient; the return must show as a reason for its being

unsatisfied that the officer could find no property whereon to make a levy. The complaint in the case at bar fails to allege the insolvency of H. J. Stephens or facts sufficient to indicate that the judgment cannot be collected without equitable relief, nor does it show that execution has been returned *nulla bona;* and if the plaintiff were a general creditor, the complaint would be insufficient. But the plaintiff is not a general creditor. He caused to be filed transcripts of his judgment in the county where the real estate in controversy is situated, and by so doing he secured a lien upon the legal and equitable interests of the defendant Stephens therein. The case above cited recognized the distinction between the creditors who have liens and a general creditor, and the decision grants relief to a lien creditor and denies it to a general creditor and holds that in a case where the creditor has a specific lien upon property and a conveyance of the property is made after the lien has attached, that it is not necessary in a suit to cancel the conveyance to allege the insolvency of the debtor, but that such creditor may invoke the aid of equity to remove the obstruction caused by the conveyance without resorting to an execution or other legal remedy.

In the case *Schofield v. Ute Coal & Coke Co.,* 92 Fed. Rep. 269, Sanborn, circuit judge, delivering the opinion of the court, said:

"In the second class of cases (where a lien exists) to which we have adverted, however, the lien or vested right in the property and the fraudulent obstruction to the adequate enforcement of this lien or right are the only essentials to the jurisdiction of a court of equity. Equity relieves, not as in the former class, because the remedy at law has created no lien and has no effect, but because the enforcement of the lien secured by the legal remedy is ren-

dered so much less efficient by the fraudulent obstruction that it is inadequate. It is the inadequacy and not the utter futility of the remedy at law which conditions the jurisdiction in this class of cases, and the return of an execution unsatisfied is neither the sole nor the best evidence of the inadequacy. The difficulty is that the fraudulent mortgage, trust deed or other obstruction compels the purchaser under the execution to buy a lawsuit, and so depreciates the value of the property at the sale that the creditor's remedy is rendered insufficient, and sometimes without any practical value. Whenever a creditor has a vested right in it or a lien upon property, the enforcement of which is hindered or rendered inadequate by a fraudulent conveyance or incumbrance, he may maintain a suit in equity to remove it without showing an execution or return of it unsatisfied, or without exhausting his other legal remedies.''

It is urged that no allegation of insolvency is made, and that for that reason the complaint is fatally defective. The rule regarding an allegation of insolvency is based upon the proposition that if a debtor is solvent he may do with his property what he will, unless by conveying it he renders himself insolvent, and the purchaser or donee of property should not be subjected to litigation if the debtor has other property out of which the creditor could be paid. In this case the allegations of the complaint show that the defendant has property sufficient to pay this judgment. That property valued at many thousands of dollars is held in trust for him by other defendants, that his money purchased the property, and that they, knowing the existence of the indebtedness, entered into a fraudulent agreement whereby they were to hold the defendant's property for him in trust, and the suit is brought for the purpose of

subjecting this property, or the property so held in trust, to the payment of the defendant's debt.

It is alleged that the certain real estate mentioned in the complaint was purchased with money belonging to H. J. Stephens or held in trust for him, realized from the sale of mining property, and that a portion of the real estate is undisposed of, and that the property was bought and improved in furtherance of the fraudulent agreement and for the purpose of hindering and delaying and embarrassing this plaintiff in the collection of his debt; and we are of opinion that where a judgment creditor has filed a transcript of the judgment docket with the county clerk, thus creating a lien, that he may maintain an action to subject property to the levy of execution upon his judgment, where his complaint alleges, as this complaint does, that the certain described real estate was purchased with the money of the judgment debtor and is held in trust for him, and that the conveyance was made by agreement with the holders of the property for the purpose of hindering and delaying and embarrassing him in the collection of his judgment, without first exhausting his legal remedies, and without alleging a return *nulla bona* of an execution or alleging insolvency of the judgment debtor.

The answer set up the fact that supplementary proceedings had been instituted, and set forth the report, order and decree in such proceedings. The decree shows that 3,610 shares of mining stock was ordered turned over to the sheriff to be by him sold under execution on the plaintiff's judgment. No mention is made of these shares of stock in the complaint, nor is any averment in respect to them contained in the answer. It is averred in the complaint that the judgment is unsatisfied except as to the sum of $3.75. This part of the answer was stricken on

motion. This, the defendant insists, is error, and he says that he should have been permitted to show if he could that the stock was not sold. If the stock was not sold, the defendant should have so averred, and it was probably because of the failure to make averment concerning the stock that the motion to strike was granted. The court properly presumed that inasmuch as the execution was returned after the stock was ordered delivered to the sheriff, either that the stock was never delivered or that it was delivered and sold by him and that he realized the sum of $3.75 thereon. In either event the answer was not material, and the court properly granted the motion to strike.

Perceiving no error in the judgment, it is affirmed.                               *Affirmed.*