## No. 12,131.

HUGO NATIONAL BANK *v.* ASHWORTH, ET AL.

Decided September 10, 1928.

Mr. Harry E. Mast, Mr. John G. Reid, Mr. J. P. Deatherage, for plaintiff in error.

Mr. Charles H. Beeler, Mr. Frederick Sass, for defendants in error.

*Department Two.*

Mr. Justice Adams delivered the opinion of the court.

The bank sued Ashworth, his wife, and Childress. A general demurrer to plaintiff's amended complaint was sustained. Judgment for costs was ordered in favor of defendants. The bank assigns error and asks for a supersedeas.

The essential allegations of the amended complaint, as far as covered by the briefs, show the following: Ashworth owes the bank, which claim has been reduced to judgment and filed in the office of the county clerk and recorder. Execution was issued and returned nulla bona. Ashworth undertook to transfer certain real estate to his wife, without consideration, for the purpose of hindering, delaying, cheating and defrauding his creditors, and particularly plaintiff, which made him insolvent. He has no property other than the real estate, out of which the judgment can be satisfied. He and his wife are non-residents of Colorado, and their whereabouts are unknown to plaintiff. After the transfer, the' wife contracted to sell the property to Childress, but the payments for the land will in fact be made to Ashworth. Plaintiff seeks to have the fraudulent transfer set aside, the purchase money due from Childress impounded, and paid into the registry of the court, to be applied in satisfaction of plaintiff's judgment against Ashworth.

1. The bank is entitled to the relief prayed for, if its allegations are true, and for the present purposes, they are taken as confessed by the general demurrer.

Plaintiff brought the suit as a creditor's bill. Counsel for defendants claim it is defective because they say there is a remedy at law, by attachment and garnishment, but the record title is not in the name of Ashworth, the judgment debtor. And the bank may maintain this suit in equity to set aside the fraudulent conveyance. *Stephens v. Parvin,* 33 Colo. 60, 78 Pac. 688; *Italian-American Bank v. Lepore,* 79 Colo. 466, 246 Pac. 792. See also Comp. Laws 1921, § 5116. It may also establish and enforce its lien on the equitable assets of the defendant debtor, i. e., the money to be paid by Childress for the land. *Shuck v. Quackenbush,* 75 Colo. 592, 600, 227 Pac. 1041, 38 A. L. R. 259. The accomplishment of these objects in one suit, rather than in two or more, harmonizes with the letter and spirit of our Code, as well as equitable practice. Childress will not be hurt by such procedure, for he will be protected and benefitted by a court order, directing him to pay the money to the right party, without otherwise affecting his land transaction. Ashworth cannot complain, because it will satisfy the debt he owes the bank. His wife will not be injured, because, according to the complaint, the conveyance of the land to her was without consideration and fraudulent. The demurrer was wrongfully sustained.

2. Defendants invoke the rule that this court does not review cases until the judgment is final, but the record shows that the demurrer to the amended complaint was sustained, that plaintiff elected to stand on such complaint, that judgment for costs was ordered in favor of defendants and against plaintiff, time for bill of exceptions allowed, execution stayed, and that the parties agreed by written stipulation for a further stay. There would be no execution to stay unless backed by a judgment. It is apparent that the main idea was to put plaintiff out of court for all time, that it was attempted, and

that everybody connected with the case fully so under-
stood it and acted accordingly. We interpret it as a final
judgment.

3. Counsel for defendants move for the dismissal of
the writ of error on the alleged ground that the bill of
exceptions was tendered a day late. Disregarding the
minutiae of technicalities, about which we are not solic-
itous when they do not affect the substantial rights of the
parties (Code § 84), we observe that the bill of exceptions
bears the O. K. of one of counsel for defendants, the
signature and seal of the judge, that it is made a part of
the record, and that it was in fact tendered and approved
at least twenty-nine days in advance of the time limit
fixed in a written stipulation of counsel representing both
sides. We naturally believe that all of such counsel will
be pleased to give their signed agreement its face value.

The judgment is reversed with directions to overrule
the demurrer.

Mr. Chief Justice Denison, Mr. Justice Butler and
Mr. Justice Campbell concur.