No. 13,372.

ASHWORTH ET AL. *v.* HUGO NATIONAL BANK.
(42 P. [2d] 612)

Decided March 11, 1935.

Mr. CHARLES H. BEELER, Mr. FREDERICK SASS, for plaintiffs in error.

Mr. JOHN G. REID, Mr. J. P. DEATHERAGE, Mr. HARRY E. MAST, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by the plaintiff bank against defendant Ashworth and others is in the nature of a creditor's bill. Upon the first hearing thereof in the district court a general demurrer by the defendants to the amended complaint was sustained and judgment of dismissal of the action followed. On the bank's writ of error to the Supreme Court to such judgment of dismissal, we reversed the same with specific direction to the district court to overrule this demurrer. *Hugo Natl. Bank v. Ashworth,* 84 Colo. 362, 270 Pac. 553. When the case, in

obedience to such order, reached the district court it overruled defendants' general demurrer to the amended complaint. An answer thereafter was filed to this amended complaint and plaintiff's replication thereto denied the affirmative matters thereof. Upon the issues of fact joined by the pleadings the judge of the court, sitting as a trier of facts by consent of the parties, found in favor of the bank and rendered judgment accordingly.

Defendants are prosecuting their writ of error to this judgment. The parties are in accord that the case should be determined upon the evidence of the respective parties since no controverted issue of law is raised or discussed.

The defendant Enoch J. Ashworth was indebted to the plaintiff bank in the sum of several thousand dollars which was evidenced by promissory notes to the bank secured by chattel mortgage. At the time Ashworth incurred this debt to the bank he was living on a ranch in Lincoln county. After his debt became due the bank brought suit against Ashworth on his promissory notes and recovered judgment thereon and levied execution on his lands. Ashworth, however, in the meantime and before the levy, had transferred to his wife the lands in question which, as it is charged in the complaint and as the trial court found, was without consideration and made to hinder, delay and defraud his creditors, including the bank. The answer of Ashworth, among other things, denies the allegations of the complaint which allege that he fraudulently conveyed the lands in dispute to his wife and no consideration was given therefor, and that the grantee was cognizant of Ashworth's fraud.

A jury was waived by the parties and the trial was to the presiding judge who made elaborate findings of fact upon the evidence produced, and our examination of the record discloses that the evidence sustains these findings in plaintiff's favor. The judgment is affirmed.

Mr. Chief Justice Butler and Mr. Justice Hilliard concur.