Conklin and others agt. Vandervoort.

## SUPREME COURT.

### CONKLIN AND OTHERS agt. VANDERVOORT

An unverified answer, consisting of denials only, may be stricken out as false. The power under the Code, extends to all answers or defences, whether they contain simply denials or new matter in avoidance.

*Erie Special Term, February* 1853. *Motion to strike out the defendant's answer as false.* The action is upon a note and an account for goods sold and delivered. The defendant, by his answer, denies each and every allegation in the complaint, and then, for a further answer, alleges that the plaintiffs, at the time of the sale of the goods promised the defendant that the goods, &c. were of a good quality, and not injured; whereas they were of a poor quality and injured and of no value to the defendant.

The pleadings were not verified. Affidavits of the plaintiffs and letters of the defendant, were read upon the motion. No papers were read in opposition to the motion.

. POOL & LEWIS, *for Plaintiffs.*

E. THAYER, *for Defendant.*

MARVIN, Justice.—The papers read upon this motion are abundantly satisfactory to show that the defendant has no defence, and the question is, can the answer be struck out upon the ground that it is false? Prior to the Code the practice of striking out sham special pleas, was well settled; but this did not extend to the general issue simply (see *Gra. Pr.* 250; Brewster vs. Bostwick, 6 *Cow.* 34; Wood vs. Sutton, 12 *Wend.* 235, 223, 197; Broome Co. Bank vs. Lewis, 17 *Wend.* 565).

It is insisted by the defendant, "that an answer now which simply denies the allegations in the complaint can not be stricken

out as sham or false.    That the same practice should be applied to such denial as was applied to the general issue under the former system of pleading.    The old forms of pleading are abolished, and new forms and rules, by which the sufficiency of the pleadings are to be determined, are prescribed by the Code (§ 140)..

The facts constituting the cause of action are now to be stated in the complaint; and the answer is to contain a general or specific denial of each material allegation of the complaint controverted by the defendant, &c.    There is no longer any general issue in the sense and contemplation of the old practice.    The answer is now a denial of the material allegations in the complaint or some of them.    Under the old system the plaintiff alleged in his declaration that the defendant made his certain promissory note, describing it, and delivered it, &c., by means whereof he became liable to pay, &c., and being so liable, he in consideration thereof, afterwards, &c., undertook and promised to pay, &c.; and the general issue was that he did not undertake and promise in manner and form, &c.    Here was no general or specific denial of any fact touching the making or delivery of the note; yet it put the plaintiff to the proof of his whole case.    The present system of forming issues, rests upon principles widely different from the system superceded.

By the Code of 1848, all pleadings were to be verified, and the law contained no provision touching sham answers.    By the Code of 1849, the complaint might, or might not, be verified; if not verified no verification was required to the answer; and in this revision of the Code, it was first provided that sham answers and defences may be stricken out on motion (§ 152).    In the Code of 1851, the provision is " sham and irrelevant answers and defences may be stricken out on motion " (§ 152).    The language is general, sham answers and defences; not simply sham answers containing a statement of *new matter*.    It is clear that extends to an answer consisting of denials only; and this is the provision in accordance with the general system contemplated by the Code.

In Mier vs. Cartledge (4 *How. Pr. R.* 115), decided in October 1849, Justice EDMONDS struck out an answer containing a *denial* only of an allegation in the complaint.    The answer was verified.

An appeal was taken to the general term, when the decision of the special term was reversed, upon the ground solely, that as the plea was *verified* as required by the Code, it ought not to have been stricken out as false upon motion. But it was very ably maintained that an answer false, though simply a denial of the allegations in the complaint, could and ought to be stricken out on motion (8 *Barb. S. C. R.* 75). The question is discussed upon general principles, and the general system of the Code, without adverting to the specific provision in the Code, first adopted in 1849, § 152. On referring to that provision it seems to me that it can not be doubted that the court now has, by statute, the power to strike out any sham or irrelevant answer, or defence. The power extends to all answers or defences, whether they contain simply denials, or new matter in avoidance. In the present case there is no pretence that the defendant has any defence. The answers were put in for delay, and they are stricken out with $10 costs.