## THE BANK OF WILMINGTON a. BARNES.

*Supreme Court, First District; Special Term, February,* 1857.

### DEMURRER.—WHEN FRIVOLOUS.

The fact that a demurrer is manifestly not well taken upon authority, does not of itself of course render the demurrer frivolous.

Motion for judgment on a demurrer as frivolous.

This was an action for money lost to plaintiffs by reason of certain false and fraudulent representations made by defendant of the solvency, &c., of a party, by which plaintiffs were induced to give him credit, whereby they sustained damage to the amount of such credit. There was a general demurrer to the complaint. The cause assigned on the argument was, that the complaint did not show or state any privity between plaintiffs and defendant; and indicated that there was none, the representations having been made, not to plaintiffs, but to an agent of the party who wished to get the credit by getting plaintiffs to discount notes held by him.

*Fullerton & Dunning,* for the motion.

*J. T. Brady,* opposed.

PEABODY, J.—The demurrer is clearly not well taken, but whether under the practice it is frivolous, is by no means so clear. In the case of Allen a. Addington (7 *Wend.*, 1), the point here raised is expressly decided adverse to the demurrer; and if the fact that a demurrer is manifestly not well taken on authority makes it frivolous, this demurrer cannot survive this motion.

But I am not sure that every such demurrer is frivolous, and I am much inclined to doubt whether the principle on which this is based would not, in the absence of this authority, be worthy of consideration, and a demurrer on that ground worthy of argument and deliberation. I think it would. With a knowledge of this case a pleader would however be liable to the charge of frivolousness, perhaps, unless (which is not the case here) he

should justify himself by an attack on the case with some prospect of success, as not being well founded in principle. There is nothing absurd in the proposition that a party falsely recommending another to A. without any interest adverse to or even knowledge of B., shall not be responsible for any damage that B. may sustain from being misled by the certificate of A., based on the recommendation received from such party. The party charged is held liable (if at all) for the false statement made with fraudulent intent; and where he had no interest to defraud the party ultimately damnified, it does not follow, from any process of reasoning so plain that " he that runs may read," that he is liable to a stranger to whom he made no statement, and towards whom he entertained no fraudulent intent. There is, however, a decision directly in point adverse to the demurrer. It is therefore clearly bad, and while I entertain very considerable doubt about the matter, I am inclined to allow the motion, at least so far as to order judgment for plaintiff, unless defendant within one day after service of a copy of this answer give notice to plaintiff that he will answer within five days, defendant to take short notice of trial, if required, for March term, and to pay forthwith the costs of this motion.

Order accordingly.