The People of the State of New-York agt. McCumber and others.

# SUPREME COURT.

## The People of the State of New-York agt. Andrew McCumber and others.

"Sham and irrelevant answers and defences may be stricken out on motion." So says the Code, (§ 152.) It is not proper, therefore, to limit this unqualified language to answers and defences *setting up new matter*. Pleadings containing *mere denials* of the plaintiff's allegations, may be made to work injustice and delays, as effectually as those setting up affirmative defences.

This power of striking out should be cautiously exercised, for it may do injustice to the defence, as it disposes of the pleadings, and strikes them from the record in a summary way. Yet if the answer alleged to be sham, contain, as it may, matter, which if true, would constitute a defence to the action, redress by *appeal* may be had. If the answer does not involve the merits, or affect a substantial right, it ought to be stricken out.

*It seems*, that motions to strike out sham and irrelevant defences, (§ 152,) for judgment on overruling frivolous defences, (§ 247,) for expunging irrelevant and redundant matter, and for compulsorily amending uncertain allegations, (§ 160,) may, in a proper case, all be combined in one motion; the party applying, taking the hazard of having his motion denied, if he asks what ought not to be granted, and to costs, if he asks too much.

*It seems*, that an averment in a complaint being absolute and unequivocal, and supported by an oath of positive knowledge, and that in the answer being merely on information sufficient to form a belief, the defendant is bound on a notice of motion to set aside the answer as sham, to support it by the oath of a party having knowledge. That is, it is a case where the defendant is bound to seek for knowledge.

In this case, the motion asked for two kinds of relief—to strike out sham and irrelevant matters, and for judgment on the expurgated answer as frivolous. All the pleadings were verified. The several denials and allegations constituting the first defence in the answer, were struck out as sham or irrelevant; and the remaining defences overruled as frivolous, and judgment for the plaintiffs. Costs of making and opposing motion to abide event. Leave to serve an amended answer.

*Albany Special Term, February,* 1858.

MOTION for judgment for plaintiff on account of the answer being sham and frivolous.

The People of the State of New-York agt. McCumber and others. ,

LYMAN TREMAIN, *Attorney-General, for plaintiffs.*
AMASA J. PARKER, *for defendants.*

HOGEBOOM, Justice. The language of the Code, (§ 152,) is without qualification, that " sham and irrelevant answers and defences, may be stricken out on motion." It does not, therefore, seem proper to limit its application to answers and defences setting up new matter. Nor would this accomplish the object doubtless intended by the legislature, to wit, to uproot defences not resting on truth and good faith. Improper delays and contrivances to defeat justice may be as effectually carried out through the agency of pleadings containing mere denials of the plaintiff's allegations, as by those setting up affirmative defences. The later decisions sustain this construction of the statute, and I am disposed to adopt it. (*Conklin* agt. *Vandervoort,* 7 *How. Pr. Rep.* 483; *Ostrom* agt. *Bixly,* 9 *Ib.* 87; *Stiles* agt. *Comstock,* 9 *Ib.* 48; *Catlin* agt. *Gunter,* 1 *Duer,* 265; *Manufacturers' Bank of Rochester* agt. *Hitchcock,* 14 *Howard,* 406.)

This power should, it is true, be cautiously exercised, for it disposes of the defendant's pleading in a very summary way, and may do him injustice, as it strikes his defence from the record. And yet if the answer alleged to be sham, contain, as it may, matter which if true, would constitute a defence to the action, he may obtain redress on appeal to the general term, or failing there, to the court of appeals. (*Code,* §§ 349, 11.) If the answer does not involve the merits of the action or affect a substantial right, it ought not to be permitted to stand.

The policy of the Code is to bring pleadings to the test of truth and substance. Hence sham and irrelevant defences may be stricken out on motion, (§ 152.) Frivolous defences may be overruled and judgment given in a summary way, (§ 247.) Irrelevant and redundant matter may be expurgated, and indefinite and uncertain allegations may be compulsorily amended, (§ 160.) The object of all this, is to present, for judicial examination, simply the true and substantial issues between the parties. Nor do I see, why, in a proper case, these

several motions may not be combined in one, and the several defects remedied on a single application. There may be doubts under which section relief should be afforded, and so long as the nature and object of the motion are distinctly stated, it may contribute to economy and expedition, to connect together these various applications for relief. The party applying must take the hazard of having his motion denied, if he asks what ought not to be granted, and of being possibly subjected to costs if he asks too much. With these restrictions, the practice is not censurable.

In the present case, the motion asks for two kinds of relief, viz : to strike out sham and irrelevant matters, and for judgment on the expurgated answer as frivolous.

The action is to recover of the defendants, as sureties of the Chemung County Bank, moneys deposited in that bank for canal tolls. The answer sets up matter both in denial and avoidance. That in denial of the plaintiffs' allegations is claimed to be sham and irrelevant ; and that in avoidance is claimed to be frivolous. It will be necessary to examine it in detail. Both the complaint and answer are verified ; but it is to be observed in the first place, that every allegation in the complaint is made upon actual knowledge, and every allegation of denial in the answer, with a single exception as to the *delivery* of the bond, is upon information and belief. In this form the defendants deny the designation of the bank to receive canal tolls, but it is recited on and admitted by the bond itself, and that is sufficient. They deny that they delivered the bond to the plaintiffs, otherwise than by leaving it with their principal, Mr. Hastings. It should, I think, be inferred that this was for the purpose of being delivered to the plaintiffs. But aside from this, they expressly admit that they executed the bond ; and in another place, that they made the bond ; and in still another, that the plaintiffs took from them the bond. I think they have fairly nullified their own denial. They deny that it was executed or delivered in pursuance of any statute ; but this is but a denial of a legal conclusion. They deny that the bank has not rendered an account *of all*

the moneys deposited therewith, but the breach counted on is that the bank has not accounted *for* and paid over all the moneys deposited therewith ; and they admit that the bank has not paid over all the toll moneys deposited in the bank, which is sufficient to entitle the plaintiff to recover ; and the other allegation may be rejected as immaterial.    I am inclined also to think, that the averment in the complaint being absolute and unequivocal, and supported by an oath of positive knowledge ; and that in the answer being merely on information sufficient to form a belief, the defendants were bound on a notice of motion to set aside the answer as sham, to support it by the oath of a party having knowledge.    Indeed it may be questioned, whether this is not one of those cases where the defendants were bound to seek for knowledge and learn the facts, if they wished to interpose a defence.    (*Hanee* agt. *Remming*, 1 *Code Rep. N. S.* 204 ; 2 *E. D. Smith's Rep.* 48 ; *Chapman* agt. *Palmer*, 12 *Howard*, 38 ; *Fales* agt. *Hicks*, 12 *Howard*, 153.)    But I do not put the decision on that ground, as I have not made up my mind to what precise extent such a rule should be applied.    It is further to be observed, that this particular denial is simply of information, (and not also of knowledge,) sufficient to form a belief, and is probably defective on that ground.    (*Edwards* agt. *Lent*, 8 *Howard*, 28 ; *Code*, § 149.) The defendants further deny, that they have become liable to the plaintiffs for the moneys deposited, but this is not an issuable allegation.    The same remark applies to the denial of the defendants' liability in another part of the answer, and also to the denial of the accruing of any cause of action.

They deny in the same way, that the sum of money claimed, or any sum whatever, is due to the plaintiffs, and I should regard this as presenting a substantial issue, were it not reasonably obvious that it was intended as a mere denial of their *legal* liability.    If intended otherwise, it is only a denial on information and belief.    And in a cause where it is at least doubtful whether they must not be supposed to possess, or were not bound to acquire positive knowledge, (*see cases before cited*,) and in a case too, where the verified allegation in the complaint is

made on actual knowledge and supported by a positive affida-vit, served with the notice of motion, and not met by any counter affidavit on the part of the defence, under such circum-stances, I think I must regard the answer as sham. The defendants further deny, that the bank has refused or neglected to answer upon sight the drafts of the treasurer. This is relied upon with some confidence, as constituting an issuable fact, on which the defendants have a right to a trial, but it is not one of the facts actually alleged in the complaint as a cause of ac-tion. Nor do I think it is necessarily so in legal effect, as the treasurer was not bound to demand payment by sight drafts, and may also have relied for a recovery upon moneys depos-ited in the bank at the date of the bond. I think the defend-ants should, at least, have accompanied this allegation with one that the plaintiffs' cause of action was founded, at least in part, upon the alleged neglect or refusal of the bank to pay the sight drafts of the treasurer. The omission of this allega-tion makes the other, I think, immaterial or irrelevant; besides the plaintiffs' allegations are also in this particular supported by the positive oath of actual knowledge, appended to the complaint, and a positive affidavit accompanying the notice of motion of the bank's refusal to pay a sight draft of the trea-surer. This falsifies the answer, which receiving no corrobo-ration from any other source, although an opportunity was afforded, must be condemned as sham.

The second defence, in substance alleges that there did not exist in law or in fact, any such bank or corporation, known or called the Chemung County Bank. As a question of fact, I think the defendants are estopped from denying its existence, having in their bond admitted its existence, and covenanted for its faithful performance of its contract. As a question of fact, also, the evidence is quite preponderating in favor of the existence of such an institution, and the allegation might, if necessary, be rejected as sham. But it was obviously designed as an averment, that there was no such legal entity as the Chemung County Bank, and considered in that light, and look-

ing at this defence by itself, it does not contain the necessary averments to establish this conclusion, and the defence may, therefore, be overruled as insufficient or frivolous.

3d. The real defence intended to be interposed on this part of the case is spread out in the third part of the answer; and is in substance that the Chemung County Bank is not a corporation nor banking association, but another name for William T. Hastings, an individual banker, doing business under the general banking law, under that designation, and that the canal board had no power to designate such an institution or individual to receive canal tolls. Assuming the allegations in the answer to be sufficient to raise that question, I am of the opinion that it constitutes no defence to the action; in other words, that the canal board are not disabled from selecting the institution of an individual banker, as a place of deposit for canal tolls. I do not find in the law any words prohibiting them from selecting any proper or responsible depository for that purpose. And as they have the general superintendence and control of that subject, the authority would seem to attach to them by necessary implication. But waiving that question, and whatever may be the aspect of the case as between the canal board and the people themselves, I think the defendants, as sureties for a party who does not take the objection, are estopped from denying their liability. Their principal has received the money, and they have covenanted for its payment to the state. The plaintiffs' claim is stamped with the highest equity, and it is not offensive to any principle of sound morality or enlightened public policy. Admitting the statutory provision as to the place of deposit to be restrictive, I think the words banking association in the connection in which they stand, are employed as a term of designation for all institutions under the general banking law, whether those of associated or individual bankers. Such is expressly declared to be the meaning of the term under another statute. (*Laws of* 1849, *chap.* 437.) Besides, under another provision of law, banking corporations may be designated as places of deposit. This in-

stitution has a president, and cashier and board of directors. It has a corporate seal. It has, by the act of incorporation, certain legal capacities. Individual bankers have also, by a late decision of this court at general term, been pronounced corporations sole, (*Bank of Havana* agt. *Frazee, in manuscript.*) I do not feel at liberty at special term, to disregard such an adjudication. On the contrary, a decision in point adverse to the answer, is held good ground for treating it as frivolous. (*Bank of Wilmington* agt. *Barnes,* 4 *Abbott,* 227.) No injury can result from such a disposition of it. The answer remains on the record, and can be more expeditiously reviewed in a higher tribunal.

The several denials and allegations constituting the first defence in the answer, must be struck out as sham or irrelevant. And the remaining defences must be overruled as frivolous, and judgment be given for the plaintiffs thereon. Ten dollars costs of making and opposing the motion, may abide the event of the action. As the defendants' attorneys have interposed an affidavit of good faith, the defendants may have ten days after notice of the order, to serve an amended answer.