JACKSON SHARP CO., RESPONDENT, VS. DANIEL P. HOLLAND, APPELLANT.

1. An answer alleging that defendant has no knowledge or information sufficient to form a belief as to a material fact set up in the complaint, constitutes an issue under the Code.

2. Under a judicial sale of personal property in the possession of a defendant in execution under a contract of purchase, the vendor having retained the title, and the defendant having made partial payment, the plaintiff in execution crediting his bid upon the execution acquires such interest only as the defendant in execution had.

3. Where it appears from defendant's pleadings that the vendee in the original contract to sell has done such acts as estop him from denying the corporate character of the vendor, then the purchaser at such judicial sale is likewise estopped from denying it, and a defense putting the corporate character in issue is frivolous.

4. Where it appears from the defendant's pleadings and the written contract of purchase on file that the corporate character of the vendor was admitted by the vendee, and the purchaser at the judicial sale in his answer admits negotiations by vendee with vendor as a corporation, and upon a motion to strike out a defense denying the corporate existence as sham, no affidavit is made of the truth of the answer, such defense should be stricken out as sham.

5. Where there is apparently a meritorious defense pleaded with such uncertainty that its precise and full nature is not shown to the Court,

it should not be stricken out as sham or frivolous. The plaintiff's remedy is by motion to require the pleadings to be made definite and certain by amendment.

Appeal from the Circuit Court, Fourth Judicial Circuit, Duval County.

A statement of the case is contained in the opinion of the Court.

*Papy & Raney* for Appellant.

*H. Bisbee, Jr.*, for Respondent.

WESTCOTT, J., delivered the opinion of the court.

This is a case under the Code. The answer of the defendant, Daniel P. Holland, was stricken out as sham and frivolous, and final judgment awarded for plaintiff. The complaint is filed against this defendant, Holland, and the Jacksonville, Pensacola and Mobile railroad company. In the first subdivision of the complaint, plaintiff alleges itself to be a corporation created and existing under the laws of the State of Delaware, and that it is engaged at Wilmington, Delaware, in the business of manufacturing and building railroad cars and engines. The defendant, the Jacksonville, Pensacola and Mobile railroad company makes no answer, and the defendant, D. P. Holland, answers that as to the truth of the plaintiff's allegation that it is a corporation, created and existing under the laws of the State of Delaware, he has no personal knowledge or information thereof sufficient to form a belief, his only information on the subject being derived from the complaint of the plaintiff. The defendant insists that his answer puts the corporate existence of the plaintiff in issue, that it is necessary for the corporation to prove its corporate existence when put in issue, that this is a material fact denied by the answer, and that such an answer is not either sham or frivolous. It is true that an answer alleging that defendant has no knowledge or infor-

mation sufficient to form a belief as to a material fact set up in the complaint, constitutes, under the Code, an issue, but in this case the defendant is estopped from making such denial when the corporate existence is alleged, nor is such an allegation necessary.

The appellant admits in his answer that all of his interest in the subject of the controversy arises as stated in the complaint by purchase at a judicial sale of the property of the Jacksonville, Pensacola and Mobile railroad company, under an execution in favor of himself against this company. That he paid no present value or consideration for the cars, but simply credited the amount of his bid upon the execution. The subject of the action, two cars, the complaint alleges were in January, 1872, delivered into the possession of F. H. Flagg and C. L. Chase, lessees of the road, from the Jacksonville, Pensacola and Mobile railroad company in trust *not to deliver* the cars to the Jacksonville, Pensacola and Mobile railroad company until the Jackson Sharp Company should be paid for them. That after the termination of this lease, the Jacksonville, Pensacola and Mobile railroad company came into possession of the cars, to-wit: on the 26th of May, A. D. 1873, and that it was distinctly understood and agreed when the cars were delivered to said Chase and Flagg, that the title in said cars should not vest in the said railroad company until the entire purchase price had been paid to plaintiff. These cars with the other property of the road were delivered after the sale into the possession of the defendant, Holland.

The answer does not deny these facts, but sets up a want of information, and that he had no notice, either actual or constructive, of such understanding and agreement. Under these circumstances, Holland acquired no right to the cars as against the plaintiff in whom the title was. 8 Met. 41; 1 Burr., 20; 5 B. & Ald., 826; 5 Gray, 307; 6 Bin., 2.

Before the motion to strike out the answer as sham and frivolous was made, a copy of a contract between the Jack-

sonville, Pensacola and Mobile railroad company was filed, in which this agreement is recited. This contract was based upon the mutual knowledge of the incorporation of the two companies. The Jacksonville, Pensacola and Mobile railroad company having dealt with the Jackson Sharp Company as a corporation, is estopped from denying its corporate existence. In this case the Jacksonville, Pensacola and Mobile railroad company files no answer and makes no defence. The Jacksonville, Pensacola and Mobile railroad company having admitted the corporate existence of the Jackson Sharp Company in its dealings with it (and such dealings are alleged and not denied)—would be estopped from denying its corporate existence. Wait's Code, 204; 9 Abb., 168; 17 How., 487; 27 Barb., 636. In such a case the complaint need not allege facts sufficient to show the incorporation. The interest acquired under the judicial sale by Holland was only such interest as was possessed by the Jacksonville, Pensacola and Mobile railroad company. This corporation was estopped from denying the corporate existence of the Jackson Sharp Company, and we think the purchaser of its interest stands in precisely the same relation as this corporation did in this respect. Under these circumstances it is no defence to say that there was no such incorporation; it is without the least merit and frivolous. The allegation in the complaint of the corporate existence is made on actual knowledge, and is supported by affidavit. The contract between the two corporations was on file when the motion to strike out was made. In it the plaintiff's corporate existence was admitted. In the fifth subdivision of the answer of the defendant, dealings with the plaintiff by the Jacksonville, Pensacola and Mobile railroad company, and with Chase and Flagg, are mentioned and admitted. When the motion to strike out is made, the defendant makes no counter affidavits. While there are thirteen subdivisions or sections to this answer, this and another which we subsequently consider are the only ones in respect to which there can

even be a question as to their being either frivolous or sham. No attempt has been made in argument to sustain them. The whole defence indicates an entire want of merit. Looking at the whole case, and especially in view of the fact that the defendant makes no response to the motion by affidavit, we think this defence might very properly have been stricken out as sham. It was destitute of merit and was frivolous. The court under the circumstances was also obliged to conclude that it was untrue, and it was therefore sham. 18 N. Y., 344.

The only other defence stricken out by the court, as to which defendant insists there is error, is as follows: After alleging the existence of an account between the Jackson Sharp Company and the Jacksonville, Pensacola and Mobile railroad company, and Chase and Flagg, the defendant alleges "that as to the purchase of said cars, and the amount paid and received therefor, he has no personal knowledge, but has been informed since the commencement of this action and believes the fact to be that the said Chase and Flagg claimed to have paid to the plaintiff twelve thousand dollars on account of said purchase, and that since the death of said Flagg and the alleged abandonment of the trust by the said Chase, the account of the plaintiff with the Jacksonville, Pensacola and Mobile railroad company *has been improperly altered*, and credits formerly entered by the plaintiff to the car sale have been changed, and the amount passed to the credit of another person. Defendant further says that for aught he knows, the said Chase and Flagg may have made some payment on said cars, and the said J. C. Greeley may have made some payment thereon, but how made and at what time made, this defendant has no means of knowing and cannot answer, nor does he know, nor has he been informed whether anything has been paid since the month of April, 1872, but this defendant has been informed as hereinbefore alleged that credits given by the plaintiff in the said car account have been improperly changed and

passed to the credit of another account, and this defendant believes and so charges that upon a fair and just settlement with the said railroad company, the amount claimed by the plaintiff would be very materially diminished.

It was entirely within the power and right of the plaintiff and the Jacksonville, Pensacola and Mobile railroad company to transfer and change the credits on this account as they saw proper, during a long time in which the defendant, Holland, was nothing more than a general creditor. This allegation, however, is here connected with the allegation of *improper alteration*, and also with *a general charge upon belief, that upon a fair and proper settlement the amount claimed would be materially diminished.*

We cannot say within the meaning of the authorities that the answer is here sham or frivolous. The allegations here are so indefinite and uncertain that the precise nature of the defense is not apparent. This is the precise character of this defense, and there is a provision of the Code expressly applicable to it. Section 110 of the Code provides that, "When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleadings to be made definite and certain by amendment." See also citations in Voorhees' Code, 247. The court should not have stricken out this defense as frivolous or sham, but upon motion should have required the pleadings to be made more definite and certain.

We dislike very much to interfere with the exercise of power upon the part of the court in a case apparently so destitute of merit as this is, but striking out defenses as being sham and frivolous is a very summary and delicate proceeding. Great care should be used in the exercise of this power. There is nothing from which we can say this defense is apparently false, and it is therefore not sham. We are not sure that the defendant is not entitled to an abate-

ment of the sum sought to be recovered. He charges expressly that upon a fair settlement the amount claimed would be materially diminished. This is certainly very indefinite and uncertain. It is bad pleading, but we cannot say it is frivolous.

The order striking out this defense as frivolous was erroneous, and for this reason the judgment is reversed and the case is remanded for further proceedings.