## COTTRILL vs. CRAMER and others.

*Sham or frivolous pleading.*

1. On appeal from an order striking out a demurrer as frivolous, this court does not inquire whether the demurrer was well taken, but merely whether it should be held manifestly untenable upon a bare inspection of the pleadings, without argument or research.

2. The demurrer in this case *held* not frivolous.

3. An answer or defense should not be treated as sham, irrelevant or frivolous unless the mere reading of the pleadings is sufficient to disclose, *without deliberation and beyond do.:bt*, that such is its character.

Cottrill vs. Cramer and others.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for a libel. The complaint contains, first, certain averments as to the plaintiff's professional character and practice as an attorney-at-law, the extent of his acquaintance in this state, and particularly in the city of Milwaukee, and his appointment by the justices of this court as one of the revisers of the statutes of this state. It then alleges that the defendants are the publishers and proprietors of the "Evening Wisconsin," a newspaper published daily in the city of Milwaukee, and having an extensive circulation in that city and in this state. It then avers that on the 6th of November, 1875, defendants, with intent to expose the plaintiff to public hatred, contempt and ridicule, published in said newspaper "a certain false, scandalous, malicious and defamatory libel," which is set out, with proper innuendoes. It is then further averred that by means of said alleged libel, the plaintiff "has sustained damage and injury, and he therefore demands judgment against the defendants for the sum of $25,000, or such other sum as the jury or court shall assess," by reason of said alleged libel.

The defendants demurred to the complaint upon all the grounds of demurrer, except one, defined in the statute (Tay. Stats., 1437–8, § 5), and upon the further ground "that the communication set forth in the complaint is a privileged communication, and is only a fair criticism by a public journal upon the public speeches of the plaintiff."

The circuit court, on motion, ordered the demurrer to be stricken out as frivolous, with leave to answer, upon terms. From this order the defendants appealed.

*John J. Orton*, for the appellants, contended that the publication was not libelous on its face; that it was privileged, as a fair criticism by a public journal on the plaintiff's political speeches; that express malice and special damages were not alleged in the complaint; and that, in the absence of such allegations, no cause of action was stated. In support of these

views he cited 5 B. & Ad., 645; 2 A. & E., 2; *Vicars v. Wilcocks*, 8 East, 1; *Miller v. David*, L. R., 9 C. P., 118; *Davis v. Duncan*, L. R., 9 C. P., 396; *Craft v. Boite*, 1 Saund., 243a; *Caldwell v. Raymond*, 2 Abb. Pr., 193; *Carr v. Hood*, 1 Campb., 354-8; *Woodward v. Lander*, 6 C. & P., 548; *Todd v. Hawkins*, 8 id., 88; Townshend on Slander, etc., §§ 335-7, 254-5, 258, 260; 1 Russ. on Crimes, 345. To the point that the question whether the communication was privileged was properly raised by the demurrer, he cited *Noonan v. Orton*, 32 Wis., 112; *Fry v. Bennett*, 5 Sandf. S. C., 72; Hilliard on Torts, 383, and cases cited. And to the point that the demurrer does not admit the intent charged in the innuendoes, he cited Townshend on Slander, § 362; *Fry v. Bennett, supra.*

The cause was submitted for the respondent on the brief of *Alfred L. Cary*, who contended, 1. That the publication alleged was clearly libelous. 2. That most of the grounds of demurrer alleged, viz., want of jurisdiction in the court, want of capacity in the plaintiff to sue, defect of parties, and improper joinder of causes of action, were obviously frivolous, and were wholly abandoned here in the argument; and that the bad faith and frivolousness of the demurrer were shown by the statement of those grounds. 3. That the complaint states a good cause of action. R. S., ch. 125, sec. 26; Tay. Stats., 1443, § 28; 1 Hilliard on Torts, 309; *Noonan v. Orton*, 32 Wis., 106. 4. That the question whether a libelous communication is privileged, cannot arise upon a demurrer.

Cole, J. This is an appeal from an order striking out a demurrer as frivolous, and allowing the defendants to answer upon the terms stated in the order. The case has been argued in this court as though the real question before us was, whether the demurrer to the complaint was well taken. But it is obvious that that question is not raised by the appeal. The question is as to the character of the demurrer, and whether it can be said to be frivolous under the decisions of this court,

A frivolous demurrer has been defined to be one which is so clearly untenable, or its insufficiency so manifest upon a bare inspection of the pleadings, that its character may be determined without argument or research. *Farmers' & Millers' Bank v. Sawyer*, 7 Wis., 379; *Walton v. Goodnow*, 13 id., 661; *Ferguson v. Troop*, 16 id., 572; *Sage v. McLean*, 37 id., 357. Applying this rule to the case before us, it is manifest that the demurrer is not frivolous. Whether it would or should be held good on the merits, is another question, and one upon which we are not called upon to express an opinion at this time.

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for further proceedings.

On a motion for a rehearing, the respondent's counsel argued, 1. That the law, especially in this state, as to what constitutes a libelous publication, was fully settled, and that while a pleading might not be held frivolous when it raised *for the first time* a legal question involving either much or little doubt, yet it should be so held when the question raised by it had already been fully settled by adjudications of the highest court of the state. Note to sec. 247 of Voorhees' Code, citing *Bank v. Barnes*, 4 Abb. Pr., 226; *People v. Mc-Cumber*, 15 How. Pr., 186; *Strong v. Stevens*, 4 Duer, 668; *Collins v. Suau*, 7 Rob., 624; *Langdale v. McLean*, 10 Jurist, 642; *Withers v. MacLean*, 6 Lond. Law Times, 352. 2. That the order of the court below should be affirmed here if the demurrer was bad, even though it was not frivolous. To this point counsel cited Voorhees' Code (8th ed.), 453, note *h;* *Wesley v. Bennett*, 5 Abb. Pr., 498; *Griswold v. Laverty*, 12 N. Y. Leg. Obs., 316; *Witherhead v. Allen*, 28 Barb., 662; *Martin v. Kanouse*, 2 Abb. Pr., 327; in all which the appeal was from the *order* striking out the appellant's pleading as frivolous. He further cited *Manning v. Tyler*, 21 N. Y., 567; *East River Bank v. Rogers*, 7 Bosw.,

494; *Witherhead v. Allen*, 28 Barb., 662; and *Decker v. Trilling*, 24 Wis., 610; in which the appeal was from a judgment upon demurrer held frivolous. He also criticised the suggestion in *Cobb v. Harrison*, 20 Wis., 625, and the decisions in *Weishaupt v. Weishaupt*, 27 id., 623, and *Sage v. McLean*, 37 id., 357, by which a distinction is made in this respect between appeals from judgments rendered on demurrers stricken out as frivolous, and appeals from orders striking out demurrers on that ground; and he contended that this distinction was neither founded on any apparent reason nor justified by the authorities elsewhere. He also argued that as the defendants had leave to answer (under ch. 138, Laws of 1860), they were not injured by the order striking out their demurrer, if it was bad. 3. Counsel also raised the question whether the order in this case, with leave granted to answer over, was appealable.

RYAN, C. J. Mr. Chitty defines sham pleas to be pleas so palpably and manifestly untrue that the court will assume them to be so: pleas manifestly absurd. When answers or defenses admit of lawyer-like argument, such as courts should listen to, they are not sham in the sense of the statute. When it needs argument to prove that an answer or demurrer is frivolous, it is not frivolous, and should not be stricken off. To warrant this summary mode of disposing of a defense, the mere reading of the pleadings should be sufficient to disclose, without deliberation and beyond doubt, that the defense is sham or irrelevant.

If this were otherwise, the statutory motion might always be resorted to, to test the sufficiency of an answer; or, in case of a demurrer, to test the sufficiency of the complaint. And the result would apparently be, that all defenses held to be insufficient might be summarily stricken off as frivolous. This is not the statute.

Some of the gravest and most difficult questions argued in

this court arise on demurrer; and it would be not only an innovation but an absurdity, to hold the demurrer frivolous because it is overruled; or the pleading demurred to frivolous because the demurrer is sustained.

We have nothing to add to the opinion given on the decision of this appeal, so far as the merits of this case are concerned. But we add this as an attempt to impress upon the profession the true office of a motion to strike off a pleading as frivolous.

*By the Court.* — The motion for a rehearing is denied.