TOLMAN and another vs. HANRAHAN and another.

*(1)* BILL OF EXCHANGE:  *Acceptance by one partner.*  *(2)* PLEADING:
Frivolous demurrer.

1. An acceptance by a partner in his own name of a bill of exchange drawn
   upon the firm, for goods sold to it, binds the firm.
2. A demurrer to a complaint may be treated as frivolous where the mere
   reading of the complaint is sufficient to show, without deliberation and
   beyond doubt, that it states a good cause of action.

APPEAL from the Circuit Court for *Brown* County.

The complaint alleges that, at the times of the sale and delivery of the goods therein mentioned, plaintiffs were, and still are, partners in business at Chicago, Illinois, under the name of *Tolman & Walker*, and that defendants were partners in business at said time under the name of *T. Hanrahan & Co.;* that, on the 20th of April, 1877, defendants under said firm name were, and still are, indebted to plaintiffs under their said firm name, in the sum of $263.76, on an account for goods, etc., sold and delivered by plaintiffs under their said firm name at the special instance and request of said defendants, which sum the defendants promised to pay the plaintiffs therefor; that of said sum, $204.31 became due and payable on the 20th of May, 1877, and $59.45 on the 20th of June, 1877; that no part of the same has been paid; that on the 22d of June, 1877, the defendant *Sedgwick* accepted and delivered to plaintiffs, under their said firm name, a bill of exchange for the amount of said indebtedness and as evidence thereof, which bill was made payable to the order of the First National Bank, for collection; that no part thereof has been paid; and that plaintiffs are now the lawful owners and holders thereof.  Plaintiffs therefore demand judgment for said sum of $263.76, with interest from June 29, 1877, etc.  Said bill of exchange, annexed to and made part of the complaint, is in the following form:

"$263.76.                    Office of TOLMAN & WALKER,
                            "CHICAGO, *June 22, 1877.*

"Pay to the order of First Nat'l Bank two hundred and sixty-three $\frac{76}{100}$ dollars with exchange, value received, and charge to account of                .    TOLMAN & WALKER.

"To Mess. T. HANRAHAN & Co., *Depere, Wis.*

"Accepted June 25, 1877, payable at Commercial Bank, Depere, Wis.                    T. E. SEDGWICK."

Defendants demurred to the complaint, on the grounds, 1. That several causes of action were improperly united, to wit, a cause of action on an account against both defendants, and another cause of action on a written instrument against the defendant *Sedgwick;* 2. That the complaint did not state facts sufficient to constitute a cause of action.

The court made an order overruling the demurrer as frivolous, and directing judgment for the plaintiffs, and payment to them of ten dollars as costs of the motion, but allowing defendants five days to file an answer, on payment of such costs. Defendants appealed from the order.

The cause was submitted on the brief of *Tracy & Bailey* for the appellants, and that of *Hastings & Greene* for the respondents.

COLE, J.   We are inclined to hold the demurrer frivolous, within the rule laid down in *Cottrill v. Cramer*, 40 Wis., 555, the latest decision upon the subject. It is there said by the chief justice, that "the mere reading of the pleadings should be sufficient to disclose, without deliberation and beyond doubt, that the defense is sham or irrelevant." p. 559. It seems to us only necessary to read the complaint to see that it states a cause of action. The objections taken to the matters therein stated are mere refined verbal criticisms, without any substantial merit. It is said that there is a misjoinder of causes of action: one being for goods sold and delivered to the defendants under the firm name; the other being upon the accept-

ance of the defendant *Sedgwick*. The action is not upon the bill of exchange, as a bare reading of the complaint will show, but is for goods sold and delivered. But were it otherwise, as the bill was drawn upon the partnership for goods sold to the partnership, an acceptance by one partner in his own name would bind the firm. This is too well settled to require the citation of authorities in its support.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., and LYON, J., took no part.