### CATHOLICON HOT SPRINGS CO. V. FERGUSON *et al.*

In ejectment by a corporation, an answer alleging that plaintiff's title rests upon a contract and deed which were obtained from defendants by fraud; that plaintiff is not a legal corporation, is insolvent, and has failed to carry out its part of the contract; that there has been an utter failure of consideration for such contract, and that defendants have peaceably regained possession of the property which was abandoned by plaintiff—should not be set aside as frivolous.

(Opinion filed May 8, 1896.)

Appeal from circuit court, Fall River county. Hon. WM. GARDNER, Judge.

Ejectment. On motion of the plaintiff, defendant's answer was set aside as frivolous, and judgment entered for plaintiff. Defendants appeal. Reversed.

*Anderson & Anderson* and *G. M. Cleveland*, for appellants.

HANEY, J. It is alleged in the complaint in this action that plaintiff is a corporation duly organized under the laws of this state; that it is, and since October, 1892, has been, the owner in fee of certain described realty; that on May 15, 1893, it was in the quiet possession, and entitled to the possession, of

such realty; that, while so seized and in possession of such premises, on the last mentioned date, defendants did, without right or title, by fraud and stealth, enter upon said premises, and did oust and eject plaintiff, its agents and employes, therefrom, and since that day have withheld by force and violence, and do still withhold in like manner, the possession thereof from plaintiff.    Wherefore plaintiff demands judgment for possession of said premises, together with costs.    To this complaint defendants answered, and all of them appeal.

In the only answer appearing in the abstract, the singular number is used, without designating the name of the defendant to whom its allegations relate; and there is nothing in the abstract or brief of appellants, respondent having filed no brief, to indicate which defendant is intended.    Such being the condition of the record, and as the recitals of the judgment indicate it was so treated by the trial court, we have concluded to consider the pleading before us as the answer of all the defendants; and, in stating such of its allegations as are deemed material to a decision of the questions considered, we will so change its phraseology as to make it applicable to all.    Therein it is alleged that defendants are the equitable owners of the premises described in the complaint; that until the month of August, 1892, they were in control and possession thereof, at which time they lost possession and control thereof by means of fraud and misrepresentation; that they have rescinded the contract and deed by which they so lost possession and control and now have a suit pending in the circuirt court for the purpose of having the contract and deed declared null and void; that certain parties, naming them, confederated and conspired together to cheat and defraud defendants out of the premises; that, in pursuance of such conspiracy, they did represent to defendants that they were large capitalists, having in their immediate control $500,000, and unlimited credit with other capitalists; that they desired to develop and improve the property; that they would form a corporation with a capital stock of $250,000, and

give defendants $60,000 of unassessable paid-up stock; that they would build a new hotel, worth $100,000, repair the old hotel, put in and build lakes, parks and bath houses, and other improvements, of the value of $90,000; that they would give defendants $2,500 for their services for first year, the defendants to transfer the property to a trustee, to be by him transferred to the contemplated corporation, when formed, and the stock of such corporation to the amount of $190,000 to be held in escrow by such trustee, until all of said improvements should have been made; that said persons also represented that they possessed great influence with the city officers of Hot Springs, where the property is located; that such officers would grant franchises for systems of waterworks, electric lights, and electric railway, on the part of said city, to the proposed corporation, as soon as formed; that relying upon such representations, and believing them to be true, defendants were induced to enter into a contract, with the persons about to form such corporation, whereby they transferred said property to said trustee, in consideration of the placing of the improvements and delivery of stock as hereinbefore stated; that defendants afterwards learned, and now know, that all of said representations were false at the time they were made, and said parties knew they were false; that they made them with intent to deceive and defraud defendants, and in furtherance of their said conspiracy; that said conspirators were promotors of the plaintiff corporation, which they afterwards formed, and of which they were officers and directors; that, because of said false and fraudulent representations, and believing them to be true, defendants parted with the possession of the premises in question; that surrender thereof was induced by said false and fraudulent representations, and was wholly without consideration, and void; that said parties, or the corporation formed by them, have not performed any of the conditions imposed by said contract; that subsequently defendants were induced, by false representations and by undue influence, to alter and modify

said contract to their great damage; that plaintiff is not a duly organized corporation; that it is insolvent, and that the aforesaid conspiritors are each insolvent; that the property in question is worth $80,000; that defendant took quiet and peaceable possession of the property May 15, 1893, and have since held possession in a quiet and peaceable manner, without violence or threats of violence; that they found the premises abandoned by plaintiff, and its officers and agents, and took possession without force, fraud or violence; that plaintiff has never paid defendants any money for said property, or the possession thereof, nor has plaintiff, or any of said parties, performed any of the conditions of said contract; that plaintiff has for a long time had possession of the property without cost to itself, and to the great damage of defendants; that defendants are solvent and amply able to respond in damages; that they believe much waste will be committed by said parties if allowed to have possession until the rights of all are determined; and that, if defendants are not allowed to retain possession, they will suffer great and irreparable loss and damage, and will be greatly hindered, if not altogether defeated, in their efforts to clear their title to said premises and recover the possession, from which they were defrauded by said promotors of plaintiff.    On motion of plaintiff this answer was adjudged frivolous, and judgment rendered in favor of plaintiff for the possession of the premises in controversy.    From such judgment, defendants appeal.

If a demurrer, answer, or reply be frivolous, the party prejudiced thereby may, upon notice, apply for judgment thereon, and judgment may be given accordingly.    Comp. Law, § 5026. But it is a familiar rule that a pleading will not be stricken out as frivolous if its character is doubtful.    It must be so clearly and palpably bad as to require no argument or illustration to show its frivolity.    The bad faith of the pleader must be indicated by a bare inspection.    If there is any question as to its sufficiency a pleading should not be treated as frivolous.    Bliss Code Pl. § 421.    Whether the answer in this case would be held

good upon demurrer is not the question before us. Its allegations should be liberally construed, with a view of substantial justice between the parties. Id. § 4924. If it contain any defense or counterclaim, either legal or equitable, however informally stated, it cannot be ignored. If its allegations, taken in connnection with the complaint, suggest questions which "admit of lawyer-like arguments, such as courts should listen to," it is not frivolous. Cottrill v. Cramer, 40 Wis. 555. Leaving out the question of fraud, if the corporation does not exist, or is insolvent, and the persons who organized or attempted to organize it are insolvent; if they have not performed any of the conditions of the contract whereby they obtained defendants' property; if the consideration of such contract has wholly failed, and defendants have peaceably regained possession—we think any court would be warranted in hearing arguments in favor of the contention that defendants were entitled to either remain in possession pending litigation, or to have a receiver appointed, in view of the character and condition of the property, as shown by the pleadings. The answer may or may not be sufficient to constitute a defense or counterclaim, but it is clearly not frivolous. The judgment of the circuit court is reversed, and the case remanded for such further proceedings as may be consistent with the views herein expressed.