MATHEWS, Justice.
In this case a going concern bought considerable equipment and machinery on retain title contract which was used in conducting an ice cream business. The ice cream company owned the building. After the equipment and machinery was installed the ice cream company got in default and the President of the company made considerable effort to borrow money to pay for the machinery. Fie was unsuccessful and the firm finally went “on the rocks”.
In the meantime the company had floated a mortgage on the building and also on the machinery, with full knowledge of and subject to the rights of all parties' under the retain title contract.
Thereafter there were replevin actions which established the right of possession in the machinery and equipment and a receiver was appointed for the ice cream plant. Before the receiver was appointed, the President of the company made some kind of an agreement with the assignee of the conditional vendor to retain possession *425 of the machinery and equipment and to pay rent thereon, which was known to the mortgagee of the building.
After his appointment, the receiver continued to pay rental on the equipment and machinery and continued to do so until about ninety days after his appointment.
The receiver then came in and asked the Court for further instructions and stated:
“* * * and that this Receiver is informed and believes and alleges upon such information and belief that said replevin suits were a mere sham, and were brought for the purpose of disposing of assets of the said Darling Ice Cream Co., Inc., to persons controlled by the defendant, Anthony Dami-ano.
******
“4. That by virtue of the matters and things set forth in this petition there is a question of doubt as to whether or not the said Darling Ice Cream Co., Inc. was the equitable owner of the said machinery and equipment at the time this Receiver took possession under his appointment; * * *_»
Subsequently thereto the conditional vendor or his assignees desired to bring an independent suit against the receiver. The Court would not permit such independent suit but ordered that the conditional vendor or his assignees be permitted to intervene and this was done. Thereupon the Circuit Judge made and entered a final decree, which reads as follows:
“This Matter coming on to be heard upon petition of the intervenor, Nicholas Capozzi, that he be decreed to be the owner and entitled to the immediate possession of that certain machinery and equipment now in the hands of the Receiver, L. M. Gerstel, and now being used by him in the operation of the business of the Defendant, Darling Ice Cream Co. Inc., and testimony having been taken before the Court on behalf of all the interested parties, and the Court having considered said testimony, and having heard the argument of counsel, and being fully advised in the premises, it is, therefore,
“Ordered, Adjudged and Decreed as follows:
“1. That the prayer of the Petitioner, the said intervenor, Nicholas Ca-pozzi, be, and the same is hereby denied.
“2. The said machinery and equipment was originally purchased under Retain Title Contracts. These Retain Title Contracts were assigned to Mildred Weiner and Simon Weiner, respectively, who brought replevin suits for the purpose of acquiring possession of said machinery and equipment. Although said replevin suits were in form completed, the actual possession and use of said machinery and equipment at all times remained with the Defendant, Darling Ice Cream Co. Inc., Miller Machinery and Supply Company, a Florida Corporation, which had guaranteed the payment of some of the said Retain Title Contracts, and also was a creditor of the said Darling Ice Cream Co. Inc., purchased from Mildred Weiner and Simon Weiner the said Retain Title Contracts, as well as any other interest the said Mildred Weiner and Simon Weiner might have in and to the said machinery and equipment. The said purchase by Miller Machinery and Supply Company was made solely for the purpose of securing itself, both because of its said guaranty, as well as for the amount owed it by the said Darling Ice Cream Co. Inc. The Defendant, Darling Ice Cream Co, Inc., after the said purchase by the said Miller Machinery and Supply Company, was the equitable owner of the said machinery and equipment subject only to the payment by it to the said Miller Machinery and Supply Company of the amount of money for which the said Miller Machinery and Supply Com- *426 i*my held the said machinery and equipment as security. The intervenor, Nicholas Capozzi in purchasing from the said Miller Machinery and Supply Company its interest as to the said machinery and equipment, did so with full knowledge that the said machinery was in the possession of and being used by the Defendant, Darling Ice Cream Co. Inc., and, therefore, took no better interest in said machinery and equipment than that of the said Miller Machinery and Supply Company. The sale by Miller Machinery and Supply Company to the intervenor, Nicholas Capozzi, cannot be considered as a sale of the machinery and equipment, itself, because the price paid therefor was exactly the amount for which the Miller Machinery and Supply Company held its interest as security, and because said intervenor took subject to the rights of the party in possession Darling Ice Cream Co. Inc. Had the sale to the intervenor been a sale of the machinery and equipment itself, the price paid for the same would have been grossly inadequate and would have been a fraud upon the Defendant, Darling Ice Cream Co. Inc., which had at all times been in possession of the said machinery and equipment, and had continuously used the same in its business.
“3. The intervenor actually paid to said Miller Machinery and Supply Company the sum of Eleven Thousand Nine Hundred Eighty-One and 56/100 ($11,981.56) Dollars on the 30th day of January 1952, and is entitled to receive that amount with legal interest from that date, less the rental as hereinafter set forth.
“4. The Receiver, L. M. Gerstel, has paid to the intervenor, Nicholas Capozzi, as rental upon said machinery and equipment an aggregate sum of Six Hundred Seventy-Five and No/100 ($675.00) Dollars. The said intervenor was not entitled to this rental, but only to the amounts as hereinabove set forth in this order.
“5. That L. M. Gerstel, as Receiver, be and he is hereby authorized and empowered to borrow the sum of Thirteen Thousand and No/100 ($13,000.00) Dollars for the purpose of paying to the said Nicholas Capozzi the said amount due him under this order, and to encumber the said machinery and equipment by mortgage, if necessary, for said purpose. The said Receiver is also authorized and empowered to issue a Receiver’s certificate for said amount in the event he determines it is for the best interest of the estate so to do, and, in the event said amount can be borrowed without encumbering the said machinery and equipment with a mortgage.
“6. Upon acceptance by the said in-tervenor, Nicholas Capozzi, of payment of the amounts decreed hereby to be due him, he shall be forever barred and foreclosed of any right or interest of whatsoever nature or kind in and to the said machinery and equipment. Upon his refusal to accept said amount in full payment of his claim as to said machinery and equipment, the interest upon the said amount due him as herein decreed shall cease, the interest only being payable until the date of such refusal.
“Done and Ordered in Chambers at Miami, Dade County, Florida, this 8th day of July, A.D.1953.”
It is unnecessary to cite any authority for the -statement that fraud must be alleged and proven before an instrument can be set aside because of fraud. We find no allegation nor proof which sustains the charge of fraud on the part of the conditional vendor or his assignees.
It is alleged that the replevin action was a sham because the ice cream company did not interpose any defense but permitted a default to be entered. It has not yet been made to appear that the receiver or the ice cream company had any defense *427 to the replevin action. It does appear that the machinery and equipment was not moved from the building hut the right of possession was established in the replevin action. After this replevin action, in lieu of a process and execution, it appears that the ice cream company paid an agreed rent for the machinery and equipment which it used and after the receiver was appointed, the receiver paid the rent for approximately ninety days before coming into Court and expressing the belief that the replevin action was a sham.
In lieu of having a Sheriffs execution issued and the property dismantled and the possession of the machinery and equipment delivered to the original conditional vendor or his assignees and then rented and delivered bade, it appears that the action which was taken in permitting the equipment and machinery to remain in the property and to be used in the ice cream business was simple economy and good business for all parties concerned. It would have been a waste of time and money to have dismantled the property and delivered the physical possession thereof to the conditional vendor or his assignees in order to re-rent same
The mortgagee of the building knew of the conditional sales contract and the re-plevin action. When he foreclosed his mortgage on the building and included in it the machinery and equipment he knew it was not owned by the ice cream company, the possession and title to which have been established to be in the conditional vendor or his assignees.
In Campbell Printing-Press & Manuf’g Co. v. Walker, 22 Fla. 412, 1 So. 59, 64, this Court upheld the right of the conditional vendor to retake property from one to whom it had been assigned by the original purchasers in payment of their debts. In its opinion, the Court referred to an early case and said:
“In the case of Jackson Sharp Co. v. Holland, supra, [14 Fla. 384] Holland was the purchaser, at a judicial sale, of property in possession of the purchaser, in which the seller had reserved title. Holland insisted that he had no notice, either actual or constructive, of such an agreement. The court decided that under these circumstances, Holland acquired no title to the property as against the plaintiff. * *
Reversed for further proceedings in accordance with this opinion.
TERRELL, SEBRING and THOMAS, JJ-, concur.
ROBERTS, C. J., dissents.
HOBSON, J., not participating.