[No. 1423.]
## MARSHALL, ADMX., v. FLEMING.

**EVIDENCE—TRUSTS.**

Where it is sought to establish a trust, the facts relied upon must be shown with clearness and certainty, but the certainty required is only such as is sufficient to satisfy the jury or the court of the existence of the trust, and it is provable in the same manner and by the same class of evidence as other facts. Circumstantial evidence is admissible for that purpose. By clearness and certainty is meant that there must be sufficient positive facts shown to take the matter without the realm of conjecture and presumption.

*Appeal from the District Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Messrs. THOMAS, BRYANT & LEE and Mr. D. B. GRAHAM, for appellee.

WILSON, J., delivered the opinion of the court.

This was a suit in equity of the same character as *Mary*

*Marshall, Administratrix of the Estate of J. Y. Marshall, deceased, v. John C. Marshall, ante,* p. 505. The object, as in that case, was to establish and enforce a trust in a certain number of shares of the capital stock of the Allegheny Mining Company, held by decedent at the time of his death. The two cases, although not consolidated, appear to have been tried at the same time in the district court, and have been submitted together in this court. They come up for review on substantially the same assignment of errors, so far as the principal questions involved are concerned. In this case, as in that, counsel for the administratrix urge that the district court was without jurisdiction to try the cause, and that the plaintiff could in no case prevail unless he could trace and identify the same certificates of the stock which he had originally intrusted to the trustee, or the new certificates issued in lieu thereof. In the opinion of this court in the other case, both of these questions were discussed and determined, and it is not necessary to further allude to them.

It is also urged that the decree in this case is not supported by the evidence. We might decline to consider this, relying upon the doctrine frequently announced by this court that the findings of the trial court as to questions of fact will not be disturbed on review, unless they appear to be manifestly against the weight of the evidence. It is contended, however, that in this instance there was no testimony to support the decree, and we have therefore carefully examined all of the evidence as preserved in the bill of exceptions, not relying upon the abstract for this purpose. After this examination, we are convinced that the contention of counsel in this respect cannot be upheld. The rigid rule contended for on behalf of the defendant as to the character of proof necessary to establish the trust is not supported by the authorities, and cannot be sustained on principle. It is true, the authorities all agree that the facts must be shown with clearness and certainty, but the certainty required is only such as is sufficient to satisfy the jury, or the court if a jury be waived, of the existence of the trust. It is provable in the same manner

as any other fact required to be established, and in doing so, no extraordinary or unusual rules of evidence prevail. Even circumstantial evidence is admissible. By clearness and certainty is meant, generally, that there must be sufficient positive facts shown to take the matter without the realm of conjecture and presumption. 1 Perry on Trusts, § 137, and cases there cited. It has been held error to charge that the "clearest and most positive proof" must be given. *Neyland v. Bendy*, 69 Tex. 711. This rule arises, we think, in the very nature of the case. It is a matter of common knowledge that where a trust relation exists between parties associated together as partners in business, or connected by ties of intimate friendship or consanguinity, the same care and caution is not used to evidence the existence of the trust as would be the case if the parties were not so associated or connected. When, therefore, as in the two cases at bar, the alleged trustee died during the existence of the trust, and thereby by operation of law, the lips of the other were sealed as to the transaction, he would be entirely remediless if he could establish his rights only by that character of proof contended for by the defendant. We think that in this case, considering all of the testimony together, there was sufficient to support the decree. The order alone, for 15,000 shares of the stock, given by the deceased to the plaintiff a few weeks previous to his death, was in itself strong evidence in support of the allegation of plaintiff that the stock belonged to him, and was held by the deceased for him. Taken in connection with other testimony offered, it was, we think, clearly sufficient to establish the trust and support the decree.

The judgment will be affirmed.

*Affirmed.*