[No. 4380.]

## CANFIELD v. JEANNOTTE ET AL.

**1. Pleading—Demurrer.**

A demurrer to a complaint on the ground that it is ambiguous and uncertain but which fails to specify wherein it is ambiguous or uncertain should be disregarded by the court.

**2. Same—Principal and Agent—Trusts—Bond and Lease.**

In an action to have defendant adjudged to hold an undivided one-eighth interest in a mine in trust for plaintiff the complaint alleged that plaintiff, defendant and others were co-obligees and co-lessees in a bond and lease for a mining claim, plaintiff's interest therein being an undivided one-eighth. That plaintiff being compelled to leave the state before the expiration of the term of the lease and bond, appointed defendant her agent to represent her interest in the bond and lease, which agency defendant accepted and agreed to keep her advised with reference thereto. That before plaintiff left the state she and defendant agreed to continue to develop the mine under the bond and lease and to purchase at the stipulated price before the expiration of the term. That before the expiration of the term defendant conspired with others to defraud plaintiff out of her interest in the mine and purchased from one of the obligors of the bond an undivided three-eighths of the mine at the same proportionate price agreed to be paid in the bond. That defendant failed to advise plaintiff what was being done in the matter and in pursuance of said conspiracy permitted the option to expire. That the purchase by defendant was made in compliance with the terms of the bond and included plaintiff's one-eighth interest therein. That before beginning the action and within the proper time plaintiff tendered to defendant the entire sum which defendant had paid out for her and demanded a conveyance of said one-eighth interest which defendant refused. Held, that the complaint states a cause of action and that it was error to sustain a general demurrer thereto.

**3. Same.**

The fact that the complaint shows that the contract embraced in the bond was entire and that the obligors could not be required to convey less than the whole property is not an objection that defendant can interpose. If he has violated any duty that grew out of his relationship to plaintiff he may not avail himself of a defense that might be good to an obligor in the bond.

**4. Same.**

That the complaint does not show that plaintiff could not

have obtained from one of the other obligors in the bond, who had not conveyed to defendant, the one-eighth interest in the mine which she had in the bond and lease, is not a tenable objection. If defendant has in his own name the legal title which he should convey to plaintiff it is no defense that plaintiff might obtain the same interest from another.

**5.  Cotenants—Duty to Each Other.**

Persons in possession of property as co-tenants owe a duty to each other, and one must not take undue advantage of the other.

*Appeal from the District Court of Lake County.*

Mr. GEORGE R. ELDER, for appellant.

Mr. JOHN A. EWING, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an appeal from a judgment dismissing an action, upon plaintiff's election to stand by her complaint to which defendant's demurrer had been sustained on the ground that not sufficient facts were therein set forth to constitute a cause of action. The principal defendant is J. A. Jeannotte, and as the case of his codefendants stands or falls with his, we shall, for our present purpose, consider the action as one against him alone.

The object of the suit is to have defendant adjudged a trustee of an undivided one-eighth interest in the M. N. lode mining claim, which, as it is said, was acquired in fraud of plaintiff's rights. The complaint is unnecessarily voluminous. The same facts are often repeated. Matters purely evidentiary are pleaded, and in many particulars ambiguous and uncertain averments are made. One of the grounds of the demurrer is, that the complaint is ambiguous and uncertain, but, as there are no specifications thereof, as our code requires, the court properly disregarded it. Had seasonable objections been taken by motion or

demurrer, in proper form, to these manifest imperfections, the plaintiff might have been compelled to amend her pleading in many particulars. These defects, however, for the reason stated, cannot now be considered, and the only inquiry is whether a cause of action can be spelled out of the complaint so as to render it good as against the general ground of demurrer.

Defendant's counsel in his brief has concisely stated some of the material allegations of the complaint, which we supplement by reciting other allegations equally important, but which learned counsel has omitted. That pleading charges that in August, 1897, plaintiff and defendant Jeannotte were jointly interested with other persons in a mining lease on the M. N. lode mining claim, theretofore and on December 15, 1896, executed, to run for one year, and with these others were also co-obligees in a title bond, executed on the same day, and for the same terms, on the property given thereon by three joint obligors. The purchase price fixed by the title bond was $1,500 to be paid on or before one year after its date, and the bond was also conditioned upon a compliance by the obligees with the terms of such lease; the two instruments constituting one entire contract.

After the obligees entered into possession of the property under the terms of the lease and had worked the same thereunder for about eight months, and when the lease and bond had still about four months to run, the plaintiff, on account of ill health, was obliged to leave the city of Leadville, near which this mining property was situate, and went to the state of Montana. Before leaving she appointed her cotenant Jeannotte her agent to take charge of, and look after, her interests in the working and operation of the bond and lease, and Jeannotte accepted the agency and agreed with plaintiff that he would take charge

of her interest in the property and keep her advised with reference thereto and of all matters connected therewith which she, as an owner therein, should be informed of; and it is also alleged that it was then and there agreed by plaintiff and defendant that they would continue to develop and operate the mine under the terms of the bond and lease, and before the expiration of the option to purchase, on the 15th day of December, 1897, would buy the claim at the price stipulated in the option for its purchase; and, as plaintiff says, she expressly charged her agent that she was desirous that the work should continue on the mine under the terms of the lease, so that her interests might be preserved, and forfeiture of her rights under the lease and bond averted; and her agent promised that she could rely upon him to do the same, and advise her of all matters and things pertaining to the lease and bond, and that she should not lose or be defrauded of her rights therein.

The complaint further states that plaintiff believed such promises and implicitly relied thereon; and that, for a while, defendant performed his obligations and saw to it that the property was worked and developed in accordance with the terms of the lease until about the 23d day of September, 1897, when, for the first time, disregarding his duty, he conspired and confederated with his co-defendants to cheat and defraud plaintiff out of her interest in the mine by virtue of the terms of the lease and bond, and in pursuance of the conspiracy applied to one of the three co-obligors of the bond to purchase, and he did purchase from him, an undivided three-eighths interest in the mine, paying therefor at the rate which the obligees had agreed to pay under the terms of the title bond, and that this deed was obtained from the grantor solely and entirely by reason of the performance of the conditions of work and labor re-

quired under the terms of the mining lease and the title bond under which the plaintiff and the defendant and their cotenants had entered into possession and developed the mine.

The complaint then alleges that, in further pursuance of the conspiracy, and to carry out the fraud perpetrated by him, defendant ceased to correspond with, or advise, her with reference to what he had unlawfully done, and she was unable, until a short time before the beginning of the suit, to get any further information from him, when she learned, long after the option and the bond had expired, and after it was too late for her to enforce its terms, of the fact that defendant had acquired the three-eighths interest in the property. That this purchase by defendant was made while the title bond and lease had more than three months to run, and the purchase was made by virtue of, and in compliance with, the terms of that bond, and that the three-eighths interest so purchased by defendant included the one-eighth interest which plaintiff was entitled to receive by virtue of her rights in the premises, and there are repeated allegations in the complaint that defendant in such purchase and the procuring of the deed therefor, in his own name, acted in truth as her agent and trustee.

It is also alleged that before the beginning of the action and within the proper time plaintiff tendered to defendant in lawful money of the United States the entire sum which defendant has paid out or expended for or on account of the interest in the mining claim which the plaintiff claims belongs to her, and a refusal by the defendant to make conveyance of the same.

1. From the summary of the allegations of the complaint, as made by counsel for defendant, he argues that the court was right in sustaining the demurrer because no cause of action was stated. That

the position of defendant may be clearly understood, we condense his argument in support of this contention. It is said, in the first place, that there is no allegation that defendant agreed to take up the title bond on plaintiff's behalf, or to advance her part of the purchase price therefor. The contract with the obligors of the bond was entire and indivisible, and for the conveyance of the whole mine upon the payment by the obligees of the entire purchase price, which was to be paid to the obligors in the proportions specified in the bond. That the defendant purchased and paid for with his own money only an undivided three-eighths interest in the property, and for aught that appears from the complaint, plaintiff might have been able to obtain from the other obligors the undivided one-eighth interest in the mine which would have been hers, had she complied with her agreement. She was aware of the exact amount necessary to pay for that interest and of the time when the purchase price became due. She was at arm's length, say counsel, with her cotenants or colessees, and after discovering that defendant was unwilling to inform her of the true state of facts, she failed and neglected to protect her rights. It is also said that plaintiff's cause is weak in that it does not appear that her interest, or the interest to which she was entitled, was included in that acquired by defendant, and inasmuch as any undivided one-eighth interest of any of the co-obligors would have satisfied her demand, her complaint is without equity because she failed to claim her own; and that she has been guilty of such laches as disentitles her to any relief.

If the summary, as made by defendant, included all the material allegations in the complaint, there might be some reason for saying that the pleading is fatally defective. That the contract embraced in the title bond is entire and indivisible might be a reason

why the obligors might decline to convey, upon request of the obligees to sell and convey less than the entire interest, or for a less sum than the purchase price as fixed. Defendant, however, as a cotenant with plaintiff, is not in a position to interpose that objection; and if it should appear that he has violated any duty that grows out of his relations with the plaintiff he may not avail himself of a defense that might be good to an owner of the mine. Neither is it a tenable position that the plaintiff might have obtained from one of the other obligors, who had not conveyed to Jeannotte, the undivided one-eighth interest which she had in the lease and bond, for it clearly appears that she supposed that her interests would be looked after by the defendant in accordance with his promise, and when she learned of his breach of duty it was too late under the option to secure from the co-obligors the interest which she had contracted to receive. She could properly rely upon her rights under the bond, and upon the fiduciary relation between her and defendant; she was not obliged, after his conduct made it legally impossible for her to enforce her rights under the bond, to relinquish her claims upon him, and enter into a new arrangement with the obligors. If he has, in his own name, the legal title which will enable him to convey to her that which is hers, he must respond, and it is no defense that she may be able to get it from another. The defendant certainly will not be allowed to interpose this objection to protect himself against his own fraud.

It is not true that she was dealing at arm's length with her cotenants. Persons in possession of property, as these parties were, as cotenants owe a duty to each other, and one must not take undue advantage of the other. It is, moreover, alleged in the complaint that plaintiff appointed defendant her

agent to look after her interests, not only under the lease, but also in the bond, and that he agreed, and assured her that such interest would be protected and cared for the same as if it was his own, and that she should be advised of all matters connected therewith. Defendant led plaintiff to believe that work was being done under the lease, so that the property might be secured under the terms of the bond. It is distinctly alleged that the undivided three-eighths interest acquired by defendant included the one-eighth which belonged to plaintiff; and, what seems to us a very material allegation, and which defendant has not mentioned, if not overlooked, that defendant obtained this deed from one of the obligors solely and entirely by reason of the performance of the conditions and stipulations of work and labor required under the terms of the mining lease and title bond, in all of which plaintiff contributed her full share.

Taking all of these allegations together, it is clear, assuming them to be true, as for the purposes of the demurrer we must, defendant has violated his duty to plaintiff, and has acquired this property which, had it not been for his acts, the plaintiff would, or might, have received. To say the least, there is sufficient in the complaint to warrant the declaration that defendant acquired this interest in the mine while he was acting as the agent of plaintiff, and that such agency, though there be some uncertainty about its scope, contemplated the procuring through his efforts, in part, of the very interest which he did acquire and now refuses to convey to her. There is also sufficient in the complaint to show that it was defendant's duty as a cotenant to act in harmony with plaintiff, and he cannot be allowed to retain the one-eighth interest which he acquired, for their community of interest was such that this would constitute a fraud upon his beneficiary.

By the foregoing it must not be understood that we express any opinion as to the facts of the case. In the event of a trial of the case upon a joinder of issues of fact, they may, or may not, be established as charged in the complaint. We confine our decision solely to the case before us. The demurrer was improperly sustained. The judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed.*