[No. 2474.]

THE BADEN BADEN GOLD MINING COMPANY v. JOSE ET AL.

1. **Pleading—Demurrer.**

A demurrer to a complaint on the ground that it was ambiguous and uncertain which failed to point out wherein it was ambiguous and uncertain was properly overruled.

2. **Same—Waiver.**

Error committed in overruling a demurrer to a complaint on the ground that it is ambiguous and uncertain is waived by answering over.

3. **Pleading—Sufficiency of Complaint.**

A complaint which alleges the employment of plaintiffs by defendant to perform certain services at a certain price, the performance of the services under the employment, and other facts essential to liability, states facts sufficient to constitute a cause of action.

4. **Appellate Practice—Exceptions—Directing Jury.**

An alleged error in refusing to direct a verdict for defendant will not be considered on appeal where no exception to the ruling was preserved by bill of exceptions.

5. **Appellate Practice—Exceptions—Instructions.**

Alleged errors in giving certain instructions and in refusing certain instructions tendered, will not be considered on appeal where no exceptions to such action of the court were preserved in the bill of exceptions.

_Appeal from the County Court of Gilpin County._

Mr. J. McD. LIVESAY, for appellant.

GUNTER, J.

Money judgment for appellees—plaintiffs. Therefrom this appeal.

1. Appellant—defendant—demurred to the complaint; this was overruled, and it answered. The

grounds of demurrer were:  (1) That the complaint was ambiguous and uncertain.  (2) That it did not state facts sufficient to constitute a cause of action.

The ruling was correct as to the first ground of demurrer, because the demurrer failed to point out wherein the complaint was ambiguous or uncertain.— *Canfield v. Jeannotte*, 31 Colo. 292, 293.

Further, if error was committed in overruling the demurrer it was waived by appellant answering over.—*Rosenfeld v. Rosenfeld*, 21 Colo. 16, 18; *Davis v. Shepherd*, 31 Colo. 141, 145, 146; *Cerussite Mining Company v. Anderson*, 19 Colo. App. 307.

As to the second ground of demurrer we think the ruling also right.  The complaint alleged the employment of appellees by appellant to perform certain services at a certain price, the performance of such services under such employment, and other facts essential to liability.

We think the complaint stated facts sufficient to constitute a cause of action.

Appellant moved for judgment on the pleadings. This was denied and the ruling is urged as error. This is based upon the contention that the replication to the counterclaim of appellant admits that appellees were not the real party in interest in the cause of action stated in the complaint.  We do not so construe the replication.  It admits that a lease was made of certain ground of the Americus lode mining claim to appellees and one Reynolds as copartners, but it does not admit that appellant did not employ appellees as stated in the complaint.  No fact stated in the replication is in necessary conflict with the allegations of the complaint.

3.  At the close of the evidence for appellees appellant asked the court to direct a verdict in its behalf.  This was denied.  The ruling was urged as error.  We decline to consider it because no exception

to the ruling was preserved by the bill of exceptions.

4. It is said the court erred in giving certain instructions, and in refusing certain instructions tendered by appellant. We are not permitted to consider such contention, because no exceptions to such action of the court were preserved in the bill of exceptions.—*French v. Guyot*, 30 Colo. 220, 226, 228, 229.

An examination of the record convinces us that substantial justice according to the evidence adduced was administered in the lower court.

Judgment affirmed.                    *Affirmed*.