Cunningham, Presiding Judge.
Appellant Berry, as plaintiff below, filed her bill in the district court on May 14, 1910, for the purpose of having herself adjudged to be the owner of lots one and two in block twenty-five in the city of Greeley, and for an accounting for the rents, income and profits from said lots, which she alleged had come, under circumstances whicli *520 we shall presently state, into the hands of B. L. and Hannah J. Dawley, husband and wife, both of whom had died prior to the bringing of the action. The defendants in this case, with the exception of Tuckerman, were the heirs and legatees of Hannah J. Hawley, Tuckerman being the executor of the said Hannah’s will. Appellant, hereinafter referred to as plaintiff alleged that she was the niece of B. L. and Hannah J. Hawley; that H. L. Hawley died in 1881, making his wife, Hannah J. Hawley, his sole beneficiary, with the exception of a conditional legacy which lapsed; that prior to the death of H. L. Hawley there was money in his hands belonging to plaintiff to the amount of $1,244; that none of this money had ever been repaid to plaintiff except $75; that plaintiff was induced to leave said money in the hands of the said Hawleys upon their advice, and relying upon their assurances that they would invest the same in trust for her; that on May 27, 1879, the said Baw^s purchased the said lots one and two, for a consideration of $441, taking the deed in the name of H. L. Hawley; that thereafter the said B. L. and Hannah J. Hawley held and possessed said lots in trust for plaintiff; that the purchase price of said lots was paid by the Hawleys from money belonging to the plaintiff, and then in the possession of the said Hawleys as trustees for the plaintiff, and that the said purchase was made as an investment for plaintiff; that Hannah J., as successor in trust of B. L. Hawley, after the latter’s death, continued to the date of her own death in possession of said lots as trustee for plaintiff.
Plaintiff further alleges that there came into the hands of the said Hawleys as the net income of said property an aggregate of $7,000; that the said property is now held by Tuckerpian, as successor in trust, for plaintiff. There .are other averments in the complaints which we think are in the nature of evidentiary matter, which it is *521 not necessary for us to set forth in order that the contentions of the parties may be clearly understood.
1. To the amended complaint containing these averments, among others, the defendants filed a demurrer, which was in the following language:
“1. That the said amended complaint does not state facts sufficient to constitute a cause of action.
“2. That said complaint is ambiguous, unintelligible, and uncertain. ’ ’
This is the only pleading which the record discloses that defendants filed. But defendants’ attorneys say in their brief (though the record does not so indicate) that on the trial they interposed a demurrer ore terms to the jurisdiction of the court, and that the trial court sustained the demurrer, on all grounds. Plaintiff, electing to stand on her complaint, judgment of dismissal was entered against her, from which judgment she appeals. The general demurrer is all that we can consider. The second ground of the demurrer, being special in its form, offends against the provisions of code section 57, Revised Statutes, reading as follows:
“The demurrer shall distinctly specify the grounds upon which any of the objections to the complaint are taken; unless it do so, it may be disregarded.”
No attempt being made by the defend'ants in the second ground of their demurrer (which we have set out in haec verba) to point out wherein the complaint is ambiguous and unintelligible, we cannot consider that objection. — Irvine v. Wood, 7 Colo., 477, 4 Pac., 783; Camfield v. Jeannotte, 31 Colo., 292, 72 Pac., 1062; Baden Baden G. M. Co. v. Jose, 20 Colo. App., 261, 78 Pac., 313.
The first and sixth grounds of demurrer, as classified by our code, are sufficiently stated in the language of the statute. All other grounds will be disregarded, unless, in addition to the statutory language, the reasons or specific *522 grounds tlierefor be stated. — Mitchell et al. v. Pearson, 34 Colo., 278, 82 Pac., 446; Henderson v. Johns, 13 Colo., 280, 22 Pac., 461.
2. The demurrer of the defendants, interposed during the course of the trial, to the jurisdiction of the court (if one was so interposed) ought to have been overruled on the authority of Marshall v. Fleming, 11 Colo. App., 515, 53 Pac., 620; Currier v. Johnson, 19 Colo. App., 94, 73 Pac., 882; Carl v. Northcutt, 48 Colo., 48, 108 Pac., 944; 22 Enc. Pl. & Pr., 23; 39 Cyc., 593.
The contention of counsel for appellees, defendants below, upon the question of jurisdiction, is based upon section 7206, Bevised Statutes, and they insist that the complaint alleges a debt or demand against the estate, hence the probate court has 'exclusive jurisdiction.. They cite in support of this contention cases from various states. But whatever may be the rule in other states, it is clear from the authorities already cited that both courts of review in this state have decided the question of jurisdiction here involved contrary to appellees’ contention, hence it will not be necessary to refer at length to their citations from other states, some of which do not appear to be in point.
3. It will be seen from what has already been stated that the sole question for our determination is whether the complaint in this cause states facts sufficient to constitute a cause of action. Appellant set forth in her complaint a certain writing made by Hannah J. Dawley, on November 28, 1905, some four years before her death, in which writing the said Hannah, in narrative form, states that her husband had money belonging to plaintiff; that she, Hannah, had destroyed this paper and writing, and lied to plaintiff when she inquired about it, and expresses contrition for her act'. Throughout the defendants ’ brief they make a spirited assault upon the sufficiency of this, writing to establish a trust. In the view we take of the *523 matter, this writing was nothing more or less than evidence, with the weight or admissibility of which we are not now concerned. If the plaintiff has properly alleged the trust, it may not be assumed that because she pleaded a certain written instrument, that will be the only evidence offered to support her allegations. As we read the complaint, it is sufficient without pleading this writing, unless perhaps the writing was necessary to take the case out of the statute of frauds. But, as against a general demurrer, it is not necessary that the complaint should allege that the contract was based on a writing in order to take it out of the statute of frauds, for it will be assumed, in the absence of anything appearing in the complaint to the contrary, that the complaint was based upon a writing. Furthermore, if the complaint sought to set up a resulting trust, it is not necessary that the same should be based upon a written instrument, since it may be proven by oral testimony entirely. Resulting trusts ■ and. constructive trusts have been discussed learnedly in the briefs, but a difference in terminology does not settle principles, and courts need concern themselves but little with the nice distinctions between the various classifications of trusts. This view is stated very aptly in Kaphan v. Toney (Tenn.), 58 S. W., 909-913, and in 39 Cyc., 26.
If the plaintiff’s bill is sufficient to permit her to prove a resulting trust, the demurrer ought not to have been sustained, no matter what her counsel in their brief may insist as to the class of trust they had in mind when they drew the bill, or what their views may be as to the classifications in which the particular trust which they are seeking to establish, and which they have alleged, may properly fall.
4. The plaintiff’s claim inay seem stale, and her conduct extraordinary, but these are matters that ordinarily ought not to be irrevocably determined upon general de *524 murrer, which, admits all of the allegations of the complaint that are well pleaded.
We think the averments of the complaint are sufficient to require an answer at the hands of defendants, and the judgment of the district court will be reversed and the cause remanded for further proceedings.

Reversed and Remanded.