No. 11,094.

BARR v. WALKER.

Decided January 5, 1925. Rehearing denied March 2, 1925.

Action for rescission of contract of sale. Decree for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Demurrer—Motion.* The remedy to compel a separate statement of causes of action is motion, not special demurrer.

2. *Demurrer.* Under section 56 of the Code, a party who demurs must state the grounds upon which he relies, except as to the first and sixth.

3. *Demurrer—Answer—Waiver.* Error by reason of the overruling of a demurrer to a complaint, except as to the first and sixth grounds contained in section 56 of the Code, is waived by the filing of an answer.

4. JUDGMENT—*Rescission of Contract.* In an action to rescind a contract of purchase, a decree for plaintiff upheld, although based upon one of several alleged grounds of rescission, which was supported by competent evidence.

5. LANDLORD AND TENANT—*Rescission of Contract—Refund of Rent.* In an action to rescind the sale of a rooming-house, in which plaintiff had a decree based on failure of delivery of exclusive possession, it was proper for the court to direct a return to plaintiff of rent paid for the premises during the time he was endeavoring to obtain possession.

6. APPEAL AND ERROR—*Fact Findings.* Findings of the trial court supported by competent legal evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. H. A. DAVIS, for plaintiff in error.

Mr. THOMAS E. ANDERSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

BY the terms of a written contract Nellie E. Barr, the defendant, sold to the plaintiff H. J. Walker the furniture and furnishings and various goods and chattels in the Owen Hotel, Denver, Colorado, and assigned her interest in a lease from the owner of the building in which she had been conducting a rooming house. The plaintiff vendee brought this action of rescission upon the grounds, as stated in two separate causes of action in his original complaint: (1) That the defendant had failed to deliver possession of the rooming house and its contents to him within the time agreed upon; (2) that while the defendant was conducting the business in these premises she used the same for "immoral purposes and as an immoral house", which charge

apparently the plaintiff supposed he had properly pleaded in his original complaint, and that the defendant had wilfully and intentionally concealed the same from him at the time of the agreement, he being ignorant thereof until after the contract was executed. The plaintiff, doubtless perceiving that the alleged misrepresentations had been defectively stated in his complaint, was given permission to file, and did file, an amendment to the complaint, and not an amended complaint, in which, if the amendment was properly allowed, plaintiff's defectively stated original complaint, thus aided, was made to state a good cause of action for rescission on the ground of the misrepresentations, as well as for failure to deliver possession. Plaintiff also in his amendment purported to plead, as one ground for rescission not mentioned in the original complaint, that defendant had misrepresented the income of the hotel.

The defendant filed a special demurrer to the amendment to the complaint, but did not specify the grounds upon which she relied to support it. The demurrer merely stated, in general terms, that the amendment introduced in the case a cause or causes of action distinct and separate from either of the two causes of action stated in the original complaint. The objection to the amendment itself, which the special demurrer seems to embody, is that one or more separate causes of action are sought to be commingled in one statement of the complaint, and not that there was an attempt thereby, considered in connection with the original, improperly to unite two or more different causes of action. Several reasons, aside from those now given, for upholding the ruling, readily occur, but it is not necessary to discuss them. If the object of the defendant was to compel a separate statement of distinct causes of action, her remedy was a motion and not a special demurrer. *Hall v. Cudahy,* 46 Colo. 324, 104 Pac. 415. It may be that a motion to strike the amendment from the files was the remedy for improperly trying to change the cause of action. If the special demurrer was an attempt on the part of the defendant to object to the improper

joinder of two causes of action, it fails to specify the grounds upon which she relies. This is imperative as to all of the seven grounds of demurrer contained in section 56 of our General Code, except the first, as to jurisdiction, and the sixth, that the complaint does not state a cause of action. For these reasons the demurrer was properly overruled. If, however, there was error of the court in its rulings, it was waived by the defendant when she did not stand on her special demurrer and filed her answer to the complaint as amended. 31 Cyc. p. 292; *Car Coupler Co. v. League,* 25 Colo. 129, 134, 54 Pac. 642; *Berry v. French,* 24 Colo. App. 519, 135 Pac. 985.

There is a further reason, on the merits, aside from matter of pleading, why the defendant may not be heard with objections to rulings upon the demurrer. The elaborate decree of the court in favor of the plaintiff specifically shows that the court based the same solely upon its finding that the defendant had violated her agreement to deliver exclusive possession of the premises. As a consideration for the sale of the rooming house and its contents, the plaintiff paid a part thereof in money and gave notes secured by a chattel mortgage on the furnishings, and made a conveyance of city residence property. The court made a finding that, though the plaintiff endeavored to obtain exclusive possession of the premises within the time fixed, the defendant would not surrender the same but remained continuously in possession by herself and agent, and also took possession of the city property, and really managed and controlled the hotel business until the plaintiff, dispairing of securing exclusive possession, left the premises and did not return thereto and then began this action. No reference in the findings or decree of the court is made to the other alleged issues of misrepresentations as to the character and repute of the hotel, or to the income of the business. So that, if all the evidence, if any there was, as to the grounds for rescission other than that of failure to deliver possession of the subject matter, be entirely disregarded or deemed not established, if there is legal and

sufficient evidence to sustain the finding upon the sole issue of failure to deliver, the decree may be upheld.

The defendant vigorously argues that the weight of the evidence is that she delivered possession of the rooming house to the plaintiff as she promised to do in the written contract. If that be true the decree of the court might be set aside. The evidence was directly conflicting. The defendant and some of her witnesses testified that the plaintiff was put into possession within the time alleged; the plaintiff and his witnesses testified to the contrary. The judge of the trial court saw these witnesses on the stand and heard their testimony. The record shows that to his mind the evidence in behalf of the plaintiff was so clear and convincing upon this issue that he granted a rescission.

Another assignment of error is that the court directed the defendant to return to plaintiff the amount of rent which he paid for the premises during the time he was endeavoring to gain possession. It is without merit. Under the findings of the court the plaintiff did not have, but the defendant did have, possession for the period of time for which this rent was paid, and it is only equitable, as an incident to the decree of rescission, that the plaintiff should be, as far as possible, placed in his former position.

Our examination of the record discloses that the court's finding is supported by competent and legal evidence, though conflicting, and the prevailing rule in this jurisdiction prevents a reviewing court, in such circumstances, from interfering with the conclusion of the trial court. The application for supersedeas is denied and the judgment is affirmed.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE SHEAFOR concur.